No. 32,328

F. M. Priestly, *Appellee,* v. N. Harold Skourup and N. H. Skourup, *Appellants.*

(45 P. 2d 852)

Opinion filed June 8, 1935.

C. O. *Pingry, Carl Pingry,* both of Pittsburg, and *Ray Bond,* of Joplin, Mo., for the appellants.

P. E. *Nulton* and R. L. *Letton,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action to recover damages for injuries sustained by the plaintiff, who was struck by an automobile while crossing a street as a pedestrian. The two defendants are father and son. The former is sued as owner of the car and the latter as the driver thereof. The trial court overruled the motion to strike out certain allegations and later overruled the demurrer to the petition, from which rulings the defendants appeal.

The only portion of the petition that is involved in this appeal is that which the defendants moved to strike out, and later the demurrer to the petition had reference only to the insufficiency of this same portion. The allegations in other parts of the petition with reference to the relation between the defendants as principal and agent or master and servant need not be considered. The motion to strike out applied to the following part of the petition:

"That at the time the said defendant, N. Harold Skourup, struck the plaintiff as hereinbefore set out, the said Chevrolet automobile which the said defendant, N. Harold Skourup, was then and there driving was the property of and belonged to the defendant, N. H. Skourup. That at the time the plaintiff received the injuries and damage complained of, and for a long time prior thereto, the exact length of time the plaintiff is unable to state, the said defendant, N. Harold Skourup, was an incompetent, careless and reckless automobile driver, and that the said defendant, N. H. Skourup, knew, or had reasonable cause to know, that said . defendant, N. Harold Skourup, was an incompetent, careless and reckless automobile driver, and allowed and permitted the said defendant, N. Harold Skourup, to use, drive and operate said automobile belonging to the defendant, N. H. Skourup, along the public streets of said city, and at the time of the injuries and damage to the plaintiff, the said defendant, N. Harold Skourup, was driving said automobile with the permission of the said defendant, N. H. Skourup."

Appellants cite *Halverson v. Blosser,* 101 Kan. 683, 168 Pac. 863, where it was held:

"An owner of an automobile is not liable for injuries caused in its operation by others, unless such others were servants or agents of the owner and acting in furtherance of his business.

"Nor is he liable for injuries negligently caused by persons to whom he loaned the automobile to be used for their own purposes, where it was not

being used at the time of the injury under his direction or control or in any way connected with his business." (Syl. ¶¶ 1, 2.)

Another case cited by appellants is *Watkins v. Clark,* 103 Kan. 629, 176 Pac. 131, where the development of the family use of an automobile was attempted to be connected with business affairs in order to apply the rule of principal and agent, but a demurrer to the evidence was sustained holding that a pleasure trip of a daughter in her father's automobile with his consent did not make the owner liable. It was also held therein that an automobile was not a dangerous instrumentality.

Appellants also rely strongly upon the following part of the opinion in *Snyder v. Ericksen,* 109 Kan. 314, 198 Pac. 1080:

"It is fundamental that the owner of an automobile is not required to respond in damages for injuries caused by the negligence of the driver unless the driver was the servant or agent of the owner, and was at the time acting within the line of his duty and in furtherance of the master's business." (p. 316.)

It is urged by appellants that the legislature of this state has limited those incompetent to manage automobiles to two classes, viz., minors under fourteen years of age and intoxicated persons, by R. S. 8-121, and that the doctrine of excluding all others when one is expressed applies so as to exclude all other kinds of incompetent persons in the matter of driving motor vehicles. This statute was originally a penal one, but after ten years of use as such the penalty imposed for its violation was repealed and it has since been "merely a regulation without penal sanction," as was said of it in *Burrell .v. Horchem,* 117 Kan. 678, 232 Pac. 1042. In that case it was held:

"The petition considered, and held to state a cause of action for damages resulting from an automobile accident, against the owner of an automobile, for permitting it to be operated by his son, who was under fourteen years of age, contrary to the provisions of R. S. 8-121." (Syl. ¶ 1.)

*Tice v. Crowder,* 119 Kan. 494, 240 Pac. 964, is also cited by appellants to show that the owner was relieved from liability because the evidence failed to show that the driver was acting in some capacity for the owner and within the scope of the employment.

Appellants further cite the following strong cases, *Otoupalik v. Phelps,* 73 Colo. 433, and *Davis v. Shaw,* 142 So. (La. App.) 301, which hold in effect that aside from the relationship of master and servant, "family purpose" or bailment to an infant, lunatic or in-

toxicated person, or where the thing bailed is in itself a dangerous instrumentality, there is no rule that makes the owner of an automobile liable to a third person for the negligence of the borrower, even if the owner knew or had reason to know the driver to be reckless in his handling of a car. It is conceded that the family purpose doctrine has been rejected in this state, as was stated in the case of *Thompson v. Railways Co.*, 113 Kan. 74, 213 Pac. 633; and in the same case it was also held that an owner of an automobile is not liable for the result of negligent driving of his twenty-year-old son while on a trip which the father did not direct, and of which he had no knowledge.

In the case at bar we have the additional allegations that the driver, the son, was an incompetent, careless and reckless automobile driver, and the father, the owner, knew, or had reasonable cause to know, that he was such, and that he allowed and permitted him to drive and operate the car. While the conclusions in the Kansas decisions heretofore cited are strong and comprehensive, yet none of those cases contained the exact proposition here presented.

In the case of *Capps v. Carpenter*, 129 Kan. 462, 283 Pac. 655, similar allegations are made the material features of the case, instead of the dangerous character of the chattel, which was an air gun in the hands of an eight-year-old child, and it was there held:

". . . the court improperly submitted to the jury the nature of the gun as a dangerous agency, the essence of the cause of action being not the nature of the chattel, but whether Joe had such a malignant disposition he would likely shoot some playmate if he had the gun, and his father knew or from known facts should have known of the disposition." (Syl. ¶ 1.)

In the closing part of the opinion in this case the facts are likened to the loaning of an automobile to a child known to be lacking in discretion and experience in driving and the parent being held liable because of his own negligence in not taking reasonable precaution against injurious results which he could well foresee. In the Restatement, Torts, § 390, the following is a general statement:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows, or from facts known to him should know, to be likely because of his youth, inexperience or otherwise, to use it in a manner involving unreasonable risk of bodily harm to himself and others whom the supplier should expect to share in, or be in the vicinity of its use, is subject to liability for bodily harm caused thereby to them."

The third illustration thereunder is as follows:

"A permits B, his chauffeur, who to his knowledge is in the habit of driving

at an excessive speed, to use his car to take B's family to the seashore. While driving the car for this purpose, B drives at an excessive rate of speed and harms C. A is liable to C." (p. 1060.)

In 42 C. J. 1078 it is said:

"The owner of a motor vehicle may be held liable for a resulting injury upon the ground of negligence where he entrusts the operation of his vehicle to an inexperienced or incompetent driver with knowledge of such incompetency, some of the cases resting upon the theory that in so doing he converts the vehicle into a dangerous instrumentality. This liability does not rest upon the doctrine of *respondeat superior,* but nevertheless the injurious conduct of the driver resulting from his incompetency is a necessary factor in the liability of the owner. Hence, the operator need not have been the servant or agent of the owner, and may have been engaged upon his own personal business."

This same doctrine of liability of the owner where he knows the borrower is an incompetent, reckless or careless driver is stated in 1 R. C. L. Perm. Supp. 673:

"The general rule that an owner of an automobile is not liable for the negligence of one to whom the automobile is loaned has no application in cases where the owner lends the automobile to another, knowing that the latter is an incompetent, reckless, or careless driver, and likely to cause injuries to others in the use of the automobile; in such cases the owner is held liable for injuries caused by the borrower's negligence on the ground of his personal negligence in entrusting the automobile to a person who he knows is apt to cause injuries to another in its use. . . .

"In such case the liability of the owner would not rest upon ownership or agency, but upon the combined negligence of the owner and driver—negligence of the father in entrusting the machine to an incompetent driver, and negligence of the child in its operation."

In 2 Blashfield, Cyclopedia of Automobile Law, 1332, it is said:

"While as a general rule, in the absence of statute, an owner of a motor vehicle is not liable for injuries to third persons caused by its negligent use by another, to whom he loans or entrusts it for the latter's purposes, an exception to this rule exists in cases where the owner loans his machine to one who is so reckless, heedless or incompetent in his operation of the vehicle loaned as to render it, while in his hands, a dangerous instrumentality, this being particularly true where the one to whose charge the car is committed is prohibited from operating it by statute."

The following is from 4 Berry, Law of Automobiles, 7th ed., 710:

"Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his want of age or experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine."

(See, also, 7-8 Huddy, Cyclopedia of Automobile Law, 9th ed., § 118; 36 A. L. R. 1148 and 68 A. L. R. 1013.)

In the annotations above cited the lender is held liable where he knows the borrower is an incompetent, reckless or careless driver, and is held to be negligent in entrusting the automobile to such a person who is apt to cause injury to another in its use. Such holding is there shown to have been supported by the decisions in many states.

We have no hesitancy in concurring in the conclusion reached by the trial court, which is strongly supported by the logical reasoning contained in the foregoing authorities, to the effect that the owner of an automobile, who lends it to one he knows to be an incompetent, careless and reckless driver, or has reasonable cause to know him to be such, is guilty of negligence in permitting such party to use, drive or operate the same along the public streets of a city, and is liable to third parties injured by such driver in the negligent operation of such automobile.

In addition to what has heretofore been said in this opinion about R. S. 8-121 being enacted as a penal statute and now with the removal of the penalty is a mere regulation, it seems that the limitation invoked cannot well apply here where the intention of the legislature both in the enactment of the statute and in the removal of the penalty was perfectly manifest and did not need the aid of such a rule to show the legislative intent.

In 2 Lewis' Sutherland Statutory Construction, section 491, it is said:

"*Expressio unius est exclusio alterius.*—This maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the lawmaker when it is not otherwise manifest. Under these conditions it leads to safe and satisfactory conclusions; but otherwise the expression of one or more things is not a negation or exclusion of other things." (See, also, 25 R. C. L. 981 and 59 C. J. 984.)

We find no error in the overruling of the motion of defendants to strike certain allegations from the petition nor in overruling the demurrer to the petition.

The judgment is affirmed.