CLARENCE C. RICHARDSON, Administrator of the Estate of Leon Richardson, Deceased, *Appellee*, v. ORDA ERWIN, *Appellant*.

No. 38,885

EFFIE F. RICHARDSON, Administratrix of the Estate of Roy Lee Blevins, Deceased, *Appellee*, v. ORDA ERWIN, *Appellant*.

No. 38,886

LESTER BLEVINS, a minor by and through his mother, natural guardian and next friend, EFFIE F. RICHARDSON, *Appellee*, v. ORDA ERWIN, *Appellant*.

(255 P. 2d 641)

Opinion filed April 11, 1953.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for the appellant.

*A. L. Foster,* of Parsons, and *Sylvan Bruner, L. M. Resler, Morris Matuska* and *Don Musser,* all of Pittsburg, were on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: These consolidated cases are the third chapter in litigation arising out of an automobile collision (*In re Estate of Erwin,* 167 Kan. 316, 205 P. 2d 925, and *In re Estate of Erwin,* 170 Kan. 728, 228 P. 2d 739), and are appeals from orders striking portions of the answers.

Noel Erwin was the driver of one car, and Leon Richardson was the driver of the other vehicle. Roy Lee Blevins and Lester Blevins were riding in the car driven by Leon. Noel, Leon and Roy Lee were killed, and Lester was injured.

The administrator of the estate of Leon filed two actions for wrongful death, one against the estate of Noel and one against Orda Erwin, father of Noel, in his individual capacity. This second-mentioned action is case No. 38,884, here involved.

The administratrix of the estate of Roy Lee likewise filed two

actions for wrongful death, one against the estate of Noel and the other against Orda Erwin, father of Noel, in his individual capacity. This last-mentioned action is case No. 38,885, here involved.

Lester, by and through his natural guardian and next friend, also filed two actions for his personal injuries, one being against the estate of Noel and the other against Orda Erwin, father of Noel, in his individual capacity. This last-mentioned action is case No. 38,886, involved herein.

All six actions were filed in the district court of Labette county.

The trial of the action by the administrator of Leon's estate against Noel's estate resulted in a verdict and judgment for defendant, exonerating Noel of negligence.

The trial of the action by the administratrix of Roy Lee's estate against Noel's estate also resulted in a verdict and judgment for defendant, exonerating Noel of negligence. The judgment in that action was appealed and was affirmed in *In re Estate of Erwin,* 170 Kan. 728, 228 P. 2d 739.

The action by Lester against the estate of Noel for his personal injuries has not been tried.

We proceed now to a discussion of case No. 38,884, which, as heretofore stated, is the action by the administrator of Leon's estate against the father of Noel, in his individual capacity. The petition alleges the death of plaintiff's intestate was caused and occasioned by the negligence of defendant father *and* by one or all of seven specific acts of negligence (they being pleaded in detail) on the part of Noel, the driver. The negligence of defendant father is alleged to consist of his permitting his son Noel, whom the father knew to be an incompetent, careless and reckless driver, to drive his, the father's, automobile.

The answer, after denying generally all allegations of negligence, alleges the outcome and result of the trial of plaintiff's action against Noel's estate, in which Noel was exonerated of all negligence; the outcome and result of the trial in the action by the administratrix of Roy Lee's estate against Noel's estate, in which Noel was exonerated of negligence; and the affirmance of such judgment by this court. The answer further alleges that as any and all liability on the part of defendant father is completely dependent upon the establishment of negligence on the part of Noel, and that as that issue has already been adjudicated and determined in favor of Noel, the plaintiff is estopped from bringing the instant action against the **father.**

With respect to case No. 38,885, the pleadings and issues are identical, with the exception of the difference in party plaintiff.

The same is also true of the pleadings and issues in case No. 38,886, except for the difference in party plaintiff and the fact the action is one for personal injuries rather than for wrongful death.

On motion of the plaintiff in each case all allegations in the respective answers concerning the result of the two actions previously tried, and the fact of their being a bar to the instant actions, were stricken, and the defendant father has appealed from such ruling in each case.

Limiting our discussion for the present to case No. 38,884, the question, therefore, is this: Under the issues thus framed is it a valid defense to the father, in an action against him in his individual capacity, that in the trial of a former action by the same plaintiff against his deceased son's estate the son was completely exonerated of negligence in the collision, and, further, is it a good defense to the father that in another action by a different plaintiff against the deceased son's estate the son was completely absolved of negligence?

In support of his contention that such defenses were erroneously stricken, defendant argues that even assuming it were proved he was negligent in permitting his son, who was known by him to be an incompetent, careless and reckless driver, to drive his, defendant's, automobile, the fact still remains that no liability could attach to him unless actionable negligence on the part of the son in the operation of the automobile at the time of the collision be established, and that his son has already been exonerated of negligence in the two prior actions.

Plaintiff, on the other hand, contends that the father's liability is not solely derivative from the son's negligence; that the liability of each stands upon a separate and distinct footing; that the father's liability can be determined only by a trial of the issues here joined; that the rule contended for by defendant applies only to cases involving relationships such as principal and agent or master and servant, and that the exception to the rule of mutuality prevails only when the liability of a defendant is altogether dependent upon the culpability of one exonerated.

That the owner of an automobile can be held liable under facts and circumstances alleged in the instant petition is of course well-established, *provided however*, negligence of the immediate actor in the operation of the automobile at the time and place in question

is first established. In *Priestly v. Skourup,* 142 Kan. 127, 45 P. 2d 852, 100 A. L. R. 916, it was held:

"The owner of an automobile who lends it to one whom he knows to be an incompetent, careless and reckless driver, or had reasonable cause to know or believe him to be such, is guilty of negligence in permitting such party to use, drive or operate the automobile along and upon the well-traveled public streets of a city, and is liable to third parties who may be injured by such driver in the negligent operation of such automobile." (Syl. 2.)

In contending that the respective liabilities of father and son are separate and distinct, plaintiff argues that it is quite conceivable the son might be liable and not the father, or that the father might be found to be negligent but not the son. Quite true, as far as the contention goes, but with respect to the issues before us plaintiff fails to point out how it would be possible to fasten liability onto the father unless it also be established the son was guilty of actionable negligence in the operation of the automobile. Conceding that the father knew the son to be an incompetent, careless and reckless driver, and therefore was negligent in permitting him to drive the car, the fact remains such negligence on the part of the father would not render him liable in the absence of negligence by the son in operating the car at the time of the collision. In our opinion there can be but one answer to the question and that is that defendant father's liability in such a case is completely dependent upon actionable negligence on the part of the son.

With reference to the propriety of striking portions of defendant's answer, a few general statements from 50 C. J. S., Judgments, throw light on the subject:

"In other words, if the liability of a person sued for tort is necessarily dependent on the culpability of another, who was the immediate actor and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, defendant may set up such judgment as a bar." (§ 760, c., p. 286.)

"A well recognized exception to the rule of mutuality [of estoppel] exists where the liability of defendant is altogether dependent on the culpability of one exonerated in a prior suit on the same facts, when sued by the same plaintiff. In such cases the unilateral character of the estoppel is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct action." (§ 765, p. 294.)

(See also, § 757, p. 277.)

As between plaintiff and defendant, we hold that those allegations of the answer with respect to the result of plaintiff's action

against the estate of defendant's deceased son constitute a valid defense to the instant action, and that portion of the lower court's ruling striking such defense was erroneous.

In case No. 38,885 plaintiff is one and the same as the unsuccessful plaintiff in the other action against defendant's son's estate, heretofore referred to, and that portion of the lower court's ruling striking from defendant's answer allegations concerning such former action by the same plaintiff was erroneous.

With respect to case No. 38,886 a different situation is presented. As far as plaintiff in that case is concerned it cannot be said the negligence of Noel has ever been adjudicated. Under the circumstances, Noel's exoneration of negligence in the two cases previously tried are not a bar to the prosecution of the instant case by Lester, the only survivor of the collision. The lower court did not err in striking from the answer the allegations in question.

As to case No. 38,884 the judgment is affirmed in part and reversed in part.

As to case No. 38,885 the ruling of the lower court is affirmed in part and reversed in part.

As to case No. 38,886 the ruling of the lower court is affirmed.