No. 40,214

JOHNNIE PAULINE FOGO, Administratrix of the Estate of Bradley Dennis Fogo, Deceased, *Appellee,* v. HAROLD STEELE and FLORENCE STEELE, *Appellants.*

(304 P. 2d 451)

Opinion filed December 8, 1956.

C. K. Sayler, of Topeka, argued the cause, and L. E. Weltmer, Roderick E. Weltmer, and L. M. Weltmer, all of Mankato, and L. M. Ascough, and John A. Bausch, both of Topeka, were with him on the briefs for the appellants.

Don W. Noah, of Beloit, argued the cause, and Ralph H. Noah, of Beloit, and George Teeple, of Mankato, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal by defendants below from an order of the trial court overruling the demurrer of defendant Florence Steele to the petition of the plaintiff, and from an order overruling a motion of defendant Harold Steele to quash the service of summons.

Florence and Harold Steele, mother and son respectively, will hereafter be referred to by their first names.

The action is what is commonly called a wrongful death action and was brought by the mother as administratrix of the estate of her seventeen months old deceased son for the benefit of herself and the father.

Florence was the owner of a 1948 Mercury four-door sedan which at the time of the accident and resulting death of the child was being driven by Harold while on a mission of his own but with the oral permission, consent, authority and assent of Florence.

The petition need not be fully set out herein because the only portion challenged is that part upon which Florence's liability is predicated. It was alleged that at the time of the accident and for a long time prior thereto Harold was,

". . . an incompetent, careless and reckless automobile driver, and that the said defendant, Florence *Steel*, knew, or had reasonable cause to know, that said defendant, Harold *Steel*, was an incompetent, careless and reckless automobile driver, and allowed and permitted the said defendant, Harold *Steel*, to use, drive and operate said automobile. . . ."

Florence filed a motion to make definite and certain by setting out facts and acts upon which the conclusions that Harold was an incompetent, careless and reckless automobile driver were based. The trial court overruled this motion and Florence then filed her demurrer which was also overruled. Harold filed a motion to quash the service of summons. This motion, too, was overruled.

The liabilities of Florence and Harold are not common so she is not interested in his motion and, on the other hand, he is not interested in her demurrer. Since the order overruling Harold's motion to quash was not a final order, it is not an appealable order and as a result, the appeal thereon must be dismissed. This same proposition was considered and it was so held in *Vogt v. Drillers Gas Co.*, 178 Kan. 146, 283 P. 2d 442, wherein pertinent statutes and a few of our decisions were set out and discussed.

The order overruling Florence's demurrer is the only other question presented by this appeal and it turns on the sufficiency of the

words "incompetent, careless and reckless" to establish liability of a parent in loaning an automobile to a son who is known to the parent to have such tendencies when driving. In order to find liability on the part of a parent for loaning a car to his child some courts have held that an automobile is a dangerous instrumentality but we have not adopted such theory.

Harold was approximately twenty years of age at the time of the accident so we will consider him as an adult.

If the probability of harm depends on the incompetence, carelessness, or recklessness of the borrower of an automobile, then the issue presented is that the person using the automobile is the dangerous element and if this is known to the lender, then liability for harm to another will follow as the proximate result of negligence on the part of the borrower. This would be true whether the borrower were a minor or an adult if the lender knew or had reason to know he could not, because of incompetency, carelessness or recklessness be trusted to drive the automobile. Liability attaches because of negligence of the lender who with such knowledge did not take reasonable precaution against an injurious result which he could foresee. (*Capps v. Carpenter*, 129 Kan. 462, 469, 283 Pac. 655.)

In *Priestly v. Skourup*, 142 Kan. 127, 130, 45 P. 2d 852, the foregoing rule was substantially stated again to the effect that an automobile is not inherently a dangerous instrumentality or agency but the owner of an automobile who lends it to one whom he knows, or has reasonable cause to know, is an incompetent, careless and reckless driver is negligent in permitting the borrower to use, drive or operate the automobile and is liable to third parties who are injured by the borrower in the negligent operation of the automobile. Such allegations upon which to base the negligence of an owner were held to be sufficient when attacked by demurrer which had been preceded by a motion to strike them.

We are definitely committed to the rule set out in the Priestly case since we quoted it with approval in *Richardson v. Erwin*, 174 Kan. 314, 318, 255 P. 2d 641, and the conclusion is inescapable that the allegations of this petition were sufficient to establish liability of Florence as the owner of the automobile.

Authorities cited by Florence when examined show that they are not applicable since the issues involved therein were not the same as those here presented.

The trial court was correct in overruling the demurrer of Florence. It follows the order overruling the demurrer is affirmed and the appeal of Harold is dismissed.