No. 47,152

Upland Mutual Insurance, Inc., *Appellant,* v. Raymond E. Noel; Viola J. Noel; Fredrick L. Forrester, Jr., a minor; Fredrick L. Forrester, Sr., and Marjorie Forrester, heirs at law of Mary E. Forrester, deceased, *Appellees.*

(519 P. 2d 737)

Opinion filed March 2, 1974.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers and Eberhardt, of Wichita, argued the cause, and *John E. Foulston,* of the same firm, and *William A. Guilfoyle,* of Lehman and Guilfoyle, of Abilene, were with him on the brief for the appellant.

*Lee Hornbaker,* of Harper, Hornbaker and Abbott, of Junction City, argued the cause, and *Steven Hornbaker,* of the same firm, and *John P. Dieter,* of Abilene, were with him on the brief for the appellees, Raymond E. Noel and Viola J. Noel.

*Evart Mills,* of Mills and Mills, of McPherson, argued the cause, and was on the brief for the appellees, Fredrick L. Forrester, Jr., Frederick L. Forrester, Sr., and Marjorie Forrester.

The opinion of the court was delivered by

Prager, J.: This is a declaratory judgment action brought by Upland Mutual Insurance, Inc., seeking a determination of whether or not it has coverage and a duty to defend under a homeowner's insurance policy issued to Raymond E. and Viola J. Noel. On November 28, 1970, a tragic collision occurred between two auto-

mobiles in Dickinson county, Kansas. One was a 1965 Chevrolet driven by Steven E. Noel and the other vehicle was driven by Rudolph Noel. Both drivers were sons of the defendants-appellants, Raymond E. and Viola J. Noel. Both of the young men were killed. Mary Forrester was a passenger in the 1965 Chevrolet driven by Steven Noel. Fredrick L. Forrester, Jr., was a passenger in the vehicle driven by Rudolph Noel. Mary was killed in the accident and Fredrick L. Forrester, Jr., suffered severe personal injuries. The defendants-appellees, Fredrick L. Forrester, Sr., and Marjorie Forrester, are the surviving parents and heirs of Mary Forrester. They filed a claim against the estate of Steven E. Noel, deceased, in the probate court of Dickinson county seeking to recover damages for the wrongful death of their daughter Mary. Likewise Fredrick L. Forrester, Jr., filed a claim seeking to recover damages for his own personal injuries. The probate court allowed Fredrick L. Forrester, Jr., the sum of $65,000 as damages for his injuries and allowed the senior Forresters the sum of $32,000 as damages for the wrongful death of Mary. On September 7, 1972, the Forresters filed an action in the district court of Dickinson county against Raymond E. and Viola J. Noel seeking recovery for the above amounts from the Noels on the theory that Raymond E. Noel negligently entrusted the 1965 Chevrolet to Steven E. Noel and made it possible for him to drive and operate the same knowing that Steven E. Noel was a careless and reckless driver and was apt to cause injury to another in its use. This action will be referred to as case number 17,615 or the damage action. The Noels having been sued requested Upland Mutual to defend them in case number 17,615 under the provisions of their homeowner's insurance policy. Upland Mutual took the position that it had no coverage under the homeowner's policy issued to the Noels and responded by filing this declaratory judgment action (case number 17,632) in which it sought a determination that its homeowner's policy did not afford protection to the Noels in the Forrester damage action. By agreement of the parties the damage action has been stayed pending determination of this declaratory judgment action.

In the trial court the parties stipulated to the following additional facts: Steven E. Noel was the natural son of Raymond E. and Viola J. Noel and was born on May 13, 1951, Steven married Judy Sutton on March 9, 1969, and from that date until the date of his death on November 28, 1970, they were husband and wife.

At the time of the accident the title of the 1965 Chevrolet driven by Steven was in the name of Raymond E. Noel and/or Steve Noel. On or about July 1, 1970, Steven was without an automobile and at that time Raymond E. Noel borrowed the money to buy the 1965 Chevrolet. Steven thereafter made the payments on the mortgage for such purchase as they became due. Thereafter Steven E. Noel had the principle use of the Chevrolet although his parents did have the possession and control of it at times.

The homeowner's policy issued by Upland Mutual to the Noels provided in pertinent part as follows:

" 'Provisions applicable to Section II

" 'This company agrees with the named insured:

### " 'INSURING AGREEMENTS

" '1. COVERAGE E—PERSONAL LIABILITY:

" '(a) Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient.'

### "SPECIAL EXCLUSIONS

" 'Section II of this Policy does not apply:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

" '(b) under Coverages E and F, to the ownership, maintenance, operation, use, loading and unloading of (1) automobiles or midget automobiles while away from the premises or the ways immediately adjoining, . . .' "

.   .   .   .   .   .   .   .   .   .   .   .   .   .

" '4. Supplementary Payments: With respect to such insurance as is afforded by this policy for Coverage E, this Company shall pay, in addition to the applicable limits of liability:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

" '(d) all reasonable expense, other than loss of earnings, incurred by the insured at this Company's request.' "

The issues of law submitted for determination by the trial court were as follows: (1) Does plaintiff's contract of insurance provide coverage upon the defendant, Raymond E. Noel, and obligate the plaintiff to defend case number 17,615? (2) Does plaintiff's contract of insurance obligate the plaintiff to pay any judgment within its limits of liability that might be rendered against Raymond E. Noel in case number 17,615? (3) Is plaintiff obligated to the defendants, Raymond E. Noel and Viola J. Noel, to reimburse them

for their necessary legal fees and expenses in defending case number 17,615? (4) Is plaintiff obligated to the defendants, Raymond E. Noel and Viola J. Noel, to reimburse them for their necessary legal fees and expenses for defending this declaratory judgment action?

On January 10, 1973, the trial court filed its Memorandum of Decision which included the following conclusions of law:

"It is the opinion of the Court that the cause of action stated in Case No. 17,615 is grounded in common law negligence in that defendant's negligent action allowed a dangerous instrumentality to be at the disposal of a careless and reckless person. The details of the alleged negligence were spelled out in the petition and included causing and permitting Steven E. Noel to purchase and operate an automobile. Nowhere was it alleged that the insured, Raymond E. Noel, maintained, operated, or used the automobile or that the same was negligently driven by him or his agent.

"Regardless of the truth of the allegations, nothing in the petition brought the claim within the policy exclusion. It follows, therefore, that the Insurance Company was obligated (a) to defend insured in Case No. 17,615 and (b) to pay any judgment within its limits of liability that might be rendered against insured, Raymond E. Noel, in Case No. 17,615.

"Following the Gowing case, 207 Kan. 78, this Court finds that since the insurance company was under a contractual duty to defend insured Noel in Case No. 17,615 and failed to do so, it became liable to pay the attorney fees incurred by the Insured in defending that case.

"As for attorney fees of the insured Noel in the present Case No. 17,632, the insurance contract issued by plaintiff requires it to reimburse insured for all reasonable expenses incurred at the company's request. This is an extension of the contractual guarantee that the policyholder will be protected from all expense and attorneys fees even if a false, fraudulent, or groundless action is filed against him. The insurance company wanted and sought a declaratory judgment of non-liability. The filing of this case required insured to appear and answer and constitutes a request of the plaintiff. Therefore, plaintiff is liable under the provisions of its contract for the attorney fees incurred by the insured (Connecticut Fire Insurance Company vs. Reliance Insurance Company, 208 Fed. Supp. 20)."

Thereafter Upland Mutual brought a timely appeal to this court. In its brief Upland Mutual summarizes its position as follows: The basic purpose of a homeowner's policy is to provide protection for home-premises related occurrences. Accordingly the purpose of the off-premises auto exclusion is to exclude coverage from all liability arising from an off-premises auto accident regardless of the theory of recovery asserted. Any liability on the part of Raymond Noel as a negligent entruster of a car is dependent upon establishing actionable negligence on the part of his son Steven in the operation of the automobile jointly owned by Raymond and Steven

Noel. There is no coverage afforded under Upland's homeowner policy for the off-premises auto accident here involved; therefore Upland has no duty to defend the Forrester suit or respond in damages; and is not liable for any attorney fees.

The Noels and the Forresters have filed separate briefs but basically adopt the same position. They contend that a homeowner's policy is a comprehensive personal liability insurance policy as shown by its insuring clause. The premiums are adequate to cover this particular liability because of the rarity of such happenings. There are only a few reported cases covering this exact situation, each of which held there was coverage. The policy should be construed in favor of the insured and the exclusion must be strictly construed against the insurer and in the way a reasonable person would have understood the policy. Since only comprehensive personal liability insurance would protect Raymond E. Noel from the liability charged against him, he could properly assume from reading his policy that he had such coverage and that the words "ownership, maintenance, operation, use" would not be enlarged to also mean give or purchase for another. The liability claimed by the Forresters against Raymond E. Noel is solely for his negligence in making it possible for his reckless son to own and operate an automobile. This liability is not based on the "ownership, maintenance, operation, use" of an automobile. There is coverage under the policy. Upland Mutual must defend the Noels against the Forresters' action, pay any judgment within its policy limitations and pay attorney fees and expenses of litigation incurred by the Noels in defending themselves.

We hold that the trial court correctly decided all of the issues of law submitted to it. Upland Mutual was obligated under its homeowner's policy to defend the Noels against the Forresters' action. It is the general rule that exceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms. (*Krug v. Millers' Mutual Insurance Ass'n.*, 209 Kan. 111, 495 P. 2d 949.) In the homeowner's policy involved in this case the company agreed with the named insured to pay on behalf of the insured *all sums which the insured should become legally liable to pay because of bodily injury and property damages.* There is nothing in this broad insuring clause which restricts coverage to accidents or injuries occurring on the

premises of the homeowner. In fact it is clear that the insuring clause covers a wide variety of accidents which might occur off the premises. Any escape from liability by Upland Mutual under its policy must be found in the special exclusion which has been set forth in full above. We have held that where an insurer attempts to avoid liability under an insurance policy on the ground that the loss for which recovery is sought is covered by some exclusionary clause, the burden is on the insurer to prove the facts which bring the case within the specified exception. (*Leiker v. State Farm Mutual Automobile Ins. Co.,* 193 Kan. 630, 396 P. 2d 264.)

In this case the action filed by the Forresters against the Noels was not based upon the "ownership, maintenance, operation, use, loading or unloading of . . . automobiles", even though the immediate cause of the injury and death was Steven's operation of the automobile. The basis of the Forresters' action was the alleged negligence of the Noels in knowingly entrusting an automobile to a careless and reckless driver. The theory of liability upon which the petition was framed is well-recognized in Kansas. (*Priestly v. Skourup,* 142 Kan. 127, 45 P. 2d 852; *Richardson v. Erwin,* 174 Kan. 314, 255 P. 2d 641; and *Fogo, Administratrix, v. Steele,* 180 Kan. 326, 304 P. 2d 451.)

Nowhere is it alleged in the Forresters' petition that the Noels are liable on the theory that they owned, maintained, operated or used the automobile or that the automobile was negligently driven by the Noels or their agent. The theory of the Forresters' damage action is not directly related to the "ownership, maintenance, operation, use" of the vehicle.

The coverage issue presented in this case is a matter of first impression in Kansas. The result which we have reached is in full accord with cases which have determined the identical issue in New Jersey, New York and Minnesota. (*McDonald v. Home Ins. Co.,* 97 N. J. Super 501, 235 A. 2d 480; *LaLomia v. Bankers & Shippers Insurance Company,* 312 N. Y. S. 2d 1018, 35 A. D. 2d 114; *Travelers Insurance Company v. Beschel,* 336 N. Y. S. 2d 370 [1972]; *Government Emp. Insur. Co. v. Chahalis,* 338 N. Y. S. 2d 348 [1972]; *Republic Vanguard Ins. Co. v. Buehl,* 295 Minn. 327, 204 N. W. 2d 426 [1973].) All of the cases just cited are "negligent entrustment" cases. The rationale of these cases was also followed in *Cooperative Fire Ins. Co., Etc. v. Vondrak,* 346 N. Y. S. 2d 965, (Dram Shop Act); and *Shelby Ins. Co. v. U. S. Fire Ins.,* 12 Mich, App. 145, 162 N. W. 2d 676. The only "negligent entrustment" case decided

in a contrary manner which has been called to our attention is *Federal Insurance Company v. Forristall,* 401 S. W. 2d 285, where the issue is not discussed and the reason for the decision is not made clear.

Counsel for Upland Mutual have cited in their brief many cases from other jurisdictions in support of their position. They rely principally upon *LaBonte v. Federal Mutual Ins. Co.,* 159 Conn. 252, 268 A. 2d 663. *LaBonte* and the other cases cited are not "negligent entrustment" cases. In those cases the theory of liability asserted against the homeowner insured was a vicarious type of liability based upon master and servant, agency or some statutory liability which made the insured homeowner jointly liable for the negligence of the driver of the automobile. We believe that those cases are distinguishable from "negligent entrustment" cases. In those cases the liability of the insured homeowner was based directly and necessarily upon negligence in the ownership, maintenance, operation or use of an automobile. The rationale of the "negligent entrustment" cases is not founded upon the negligence of the driver of the automobile but upon the *primary* negligence of the entruster in supplying the chattel, an automobile, to an incompetent and reckless driver. Hence we conclude that the cases relied upon by Upland Mutual are not controlling in this case.

Where there is coverage the insurance policy before us expressly provides that Upland Mutual is required to defend the Noels against an action even if the suit is "groundless" in law or "false or fraudulent" in fact. We do not in any way pass upon the merits of the Forresters' damage action. The actual liability of the insured to the claimant is not the criterion which places upon the insurance company the obligation to defend. Here Upland Mutual had an obligation to defend the Noels against the Forresters' action since the Forresters' petition contained allegations which, if sustained, would impose a liability covered by the policy.

There remains for consideration the question of the allowance of attorney fees. Since we have held that there is coverage and a duty on Upland Mutual to defend the Noels under their homeowner's policy, the Noels are entitled to recover from Upland Mutual any attorney fees and expenses incurred to date in defense of the Forresters' damage action against them. (*Spruill Motors, Inc. v. Universal Underwriters Ins. Co.,* 212 Kan. 681, 512 P. 2d 403.) We further hold that the Noels are entitled to recover attorney fees and

expenses of litigation incurred in defense of this declaratory judgment action. We recognize that there is a decided split of authority on the subject. The cases pro and con are cited in 7A Appleman, Insurance Law and Practice, § 4691 (1962). Appleman after pointing out the decisions holding that where an insurer failed to defend until after an adverse decision in a declaratory judgment action instituted by it, the insurer was not liable to pay the attorney fees and expenses incurred by the insured in the declaratory judgment action, in the absence of fraud, bad faith or stubborn litigiousness on the part of the insurer, makes the following critical comment:

". . . But, despite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above. . . ." (pp. 512, 513.)

We find the comments of Appleman just quoted to be persuasive. In this case the trial court ruled that Upland Mutual is obligated to pay the Noels' attorney fees incurred in the declaratory judgment suit—not on the basis of a denial of a claim without just cause or excuse under K. S. A. 40-256—but because the filing of this suit constituted a "request" by Upland and therefore the company is obligated under its policy to reimburse the insured Noels for all reasonable expenses incurred at the company's request. The position of the trial court is supported by *Connecticut Fire Ins. Co. v. Reliance Ins. Co. of Madison, Wis.,* 208 F. Supp. 20 (D. Kan. 1962); *Occidental Fire and Casualty Company v. Cook,* 92 Idaho 7, 435 P. 2d 364 (1967); *Utilities Construction Corp. v. Peerless Ins. Co.,* 233 F. Supp. 64 (D. Vt. 1964); *Cohen v. Am. Home Assurance Co.,* 255 Md. 334, 258 A. 2d 225 (1969); *Morrison v. Swenson,* 274 Minn. 127, 142 N. W. 2d 640 (1966); *Travelers Indem. Co. v. Rosedale Pas. Lines, Inc.,* 55 F. R. D. 494 (D. Md. 1972). *Farmers Casualty Company (Mutual) v. Green,* 390 F. 2d 188 (10th Cir. 1968), denied attorney fees to the insured in a declaratory judgment action brought by the insurer but did not consider the contractual obliga-

tion of the insurance company under the "request" section of the policy. Hence we do not consider that case to be of precedential value in this case.

For the reasons set forth above the judgment of the district court is affirmed.