No. 47,147

JUDY NEILSON, a minor, by and through LILLIAN B. NEILSON, her mother and next friend, *Appellant,* v. WILLIAM A. GAMBREL and CONNIE GAMBREL, *Appellees.*

(520 P. 2d 1194)

Opinion filed April 6, 1974.

*Edward J. Chapman, Jr.,* of Leavenworth, and *C. William Kramer,* of Piedimonte & Cochran, of Independence, Missouri, were on the brief for the appellant.

*Robert D. Beall,* of Leavenworth, was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This action arose from a one car accident in the city of Lansing, Kansas, on August 19, 1968. The plaintiff, Judy Neilson, was a guest passenger in the automobile driven by her sister, Connie Gambrel. Claim was filed against the host driver on the basis of gross and wanton negligence. Claim was also filed against the owner of the automobile, William A. Gambrel, on the theory of "negligent entrustment", knowingly permitting an unlicensed and incompetent person to drive the automobile.

At the close of plaintiff's evidence the trial court directed separate verdicts in favor of each defendant. The verdicts were entered in February, 1972. The appellant's notice of appeal was filed in the district court in March, 1972. After some delay in the

court below this appeal was docketed in April, 1973. These dates will become important in the course of this opinion.

We will first examine the plaintiff-appellant's contention with regard to her claim against the driver, Connie Gambrel. She contends that her evidence was sufficient to go to the jury on the question of willful and wanton negligence and the court erred in directing a verdict in favor of Connie Gambrel.

The evidence introduced at the trial indicates that the host driver, Connie Gambrel, was 17 years of age and married to the co-defendant, William A. Gambrel. At the time of the accident she was an unlicensed operator and had been driving her husband's car for two and one-half months. On the day of the accident she drove to the Neilson home and picked up her 14 year old sister, Judy Neilson. They started on an errand for Connie but stopped at her home to pick up the mail. The mail included a mail order catalog. After getting the mail from the mail box they returned to the car, then proceeded on the errand. The plaintiff was sitting on the passenger's side in the front seat looking at the catalog. The driver was also glancing at the catalog. The automobile was driven but a short distance thereafter when it collided with a utility pole located near the shoulder of the roadway. The automobile was traveling at a speed not in excess of 15 miles per hour. The plaintiff looked up from the catalog just as the automobile came in contact with the pole. Plaintiff testified her sister was looking at the catalog and driving at the same time.

We have carefully examined the evidence in the record and find no evidence from which a jury could find gross and wanton conduct under the guidelines set forth in *Saunders v. Shaver*, 190 Kan. 699, 701, 378 P. 2d 70; *Mann v. Good*, 202 Kan. 631, 634, 451 P. 2d 233; and *Pickens v. Maxwell*, 203 Kan. 559, 456 P. 2d 4. To constitute wantonness the act must indicate a realization of the imminence of danger and a reckless disregard or a complete indifference or an unconcern for the probable consequences of the wrongful act. The trial court did not err in directing a verdict on the claim against Connie Gambrel. There was no evidence of the realization by the driver of the imminence of danger or of reckless disregard.

Under *Henry v. Bauder*, 213 Kan. 751, 518 P. 2d 362, the Kansas guest statute (K. S. A. 8-122b) was declared unconstitutional by this court on January 26, 1974. Proof of gross and wanton negligence is no longer required.

In *Vaughn v. Murray,* 214 Kan. 456, 521 P. 2d 262, this day decided, the rule limiting the retroactive effect to be given the law declared in *Henry v. Bauder,* supra, was set forth as follows:

"The law as declared in the overruling decision of *Henry v. Bauder,* supra (holding Kansas guest statute unconstitutional) shall be given retroactive application to all similar cases pending in the courts of this state on January 26, 1974, and to cases filed thereafter regardless of when the causes of action accrued with the following exception: When a judgment or a verdict has been entered in a district court prior to January 26, 1974, and the same is free of reversible error under the law then existing, the law as declared in *Henry v. Bauder,* supra, shall not apply unless the constitutional question decided in the overruling decision has been timely presented to the trial court.

"As a corollary to this rule limiting the retroactive effect of *Henry v. Bauder,* supra, it follows that if a judgment or verdict entered prior to January 26, 1974, is thereafter set aside on proper motion in the district court or reversed on appeal because of reversible error under the prior law any trial conducted thereafter shall be governed by the law as now declared in the overruling decision, *Henry v. Bauder,* supra."

Applying this rule to the facts of the present case we find the directed verdict appealed from falls within the exception. The verdict was entered in the district court prior to January 26, 1974, and is free of reversible error under the law then existing. Therefore the law as declared in *Henry v. Bauder,* supra, does not apply and the claim of the plaintiff, Judy Neilson, against her host driver, Connie Gambrel, has been finally adjudicated.

We turn next to the claim against William A. Gambrel which was based upon "negligent entrustment". The plaintiff-appellant contends the trial court erred in directing a verdict in favor of the defendant William A. Gambrel, owner of the automobile. The trial court held "an owner of an automobile is not liable unless the driver, if the driver is over the age of sixteen commits an act of gross and wanton negligence." The court concluded "that under the Guest Statute in Kansas that the owner would not be liable to a passenger unless the driver himself or herself was liable, and in this case since the driver isn't liable I feel that it follows as a matter of law that the owner of the vehicle is not liable."

We believe the trial court was in error in this regard. Under the case of *In re Estate of Bisoni,* 171 Kan. 631, 237 P. 2d 404, it is held:

"Under G. S. 1949, 8-222 the owner of a motor vehicle who permits his minor son under the age of sixteen years to drive the vehicle upon a highway

is liable for any damages caused by the negligence of such minor in driving the vehicle irrespective of whether the son is liable under G. S. 1949, 8-122b." (Syl. ¶ 1.)

Although in the present case the driver was over the age of sixteen and K. S. A. 8-222 (formerly G. S. 1949, 8-222) does not apply the thrust of the holding in *Bisoni* is that the guest statute does not affect the liability of an owner if the owner is not driving the automobile. This is clearly explained in *Greenwood v. Gardner,* 189 Kan. 68, 366 P. 2d 780, where the ten year old driver sued his grandfather who owned and was riding in the automobile. In *Greenwood,* this court, referring to the guest statute, says:

". . . This statute was construed in the case of *In re Estate of Bisoni,* 171 Kan. 631, 635, 237 P. 2d 404, and what is said there is controlling here. Suffice it to say that plaintiff was the operator at the time of the accident and defendant was the passenger; the plaintiff was in physical control of the car and defendant was the one who was being transported. Therefore, the guest statute has no application under the facts in this case." (p. 72.)

The holding in *Greenwood* was further discussed in a different setting in *Smithson, Executor v. Dunham,* 201 Kan. 455, 441 P. 2d 823, but the holding was approved and applied.

The theory upon which plaintiff sought recovery against the owner of the car in this case was "negligent entrustment". This theory of liability is well recognized in Kansas. See *Priestly v. Skourup,* 142 Kan. 127, 45 P. 2d 852; *Richardson v. Erwin,* 174 Kan. 314, 255 P. 2d 641; and *Fogo, Administratrix v. Steele,* 180 Kan. 326, 304 P. 2d 451. Such a claim is based upon knowingly entrusting an automobile to an incompetent or habitually careless driver. K. S. A. 8-264 provides that no person shall authorize or knowingly permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not licensed. Defendant was an unlicensed driver in the present case.

Although such an action is dependent upon the establishment of negligence on the part of the person to whom the automobile is entrusted (*Richardson v. Erwin,* supra.) it does not depend upon proof of gross and wanton negligence. (*In re Estate of Bisoni,* supra.) In the recent case of *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P. 2d 737, it is said:

". . . The rationale of the 'negligent entrustment' cases is not founded upon the negligence of the driver of the automobile but upon the *primary* negligence of the entruster in supplying the chattel, an automobile, to an incompetent and reckless driver. . . ." (p. 151.)

It is of course true under *Richardson* that the secondary negligence or the incompetence of the driver must be established.

So, clearly in this case, the claim of Judy Neilson against the owner and entruster of the automobile did not depend upon proof of gross and wanton negligence of the driver. The directed verdict against the plaintiff and in favor of William A. Gambrel was in error and is set aside. The former guest statute had no application to this claim and no question as to the retroactivity of the law declared in *Henry v. Bauder,* supra, is before us. The claim did not come under the guest statute.

Accordingly the order directing a verdict in favor of Connie Gambrel is affirmed, the order directing a verdict in favor of William A. Gambrel is reversed and the claim based upon "negligent entrustment" is remanded for trial in accordance with the opinions expressed herein.