**WESTCHESTER FIRE INSURANCE COMPANY, Plaintiff,**

v.

**CITY OF PITTSBURG, KANSAS, A Municipal Corporation, Defendant.**

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**CITY OF PITTSBURG, KANSAS, et al., Defendants.**

**Civ. A. Nos. 90–2305–0, 90–2414–0.**

United States District Court, D. Kansas.

Jan. 3, 1992.

See also: 768 F.Supp. 1463.

Jerome V. Bales, D'Ambra M. Howard, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for Westchester Fire Ins. Co.

John I. O'Connor, White, O'Connor and Werner, P.A., Pittsburg, Kan., for Pennsylvania Nat. Mut. Cas. Ins. Co.

Frank D. Menghini, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., Robert S. Tomassi, Loy & Loy, Pittsburg, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on cross motions for summary judgment filed by the various parties in these consolidated actions, as well as a motion for reconsideration of the court's order of June 25, 1991. The material facts are uncontroverted unless otherwise noted.

This case requires the court to construe two policies of insurance issued to the City of Pittsburg, Kansas ("City"). The policies at issue are for general liability, issued by Westchester Fire Insurance Company ("Westchester"), and business automobile liability, issued by Pennsylvania National Mutual Casualty Company ("Pennsylvania National"). The Radells, plaintiffs in the underlying state action, seek to recover for injuries allegedly sustained when the City sprayed them with an insecticide called malathion. Language in both insurance policies excludes coverage for bodily injury or property damage "arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants...." The application of the pollution exclusion in this case depends upon whether malathion is a "pollutant" as that term is used in the insurance contracts.

"Pollutants" is defined in the policies as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." The parties disagree whether malathion fits within this definition. Westchester and Pennsylvania National argue that malathion is a pesticide and a dangerous compound, and therefore an "irritant or contaminant." The City counters that malathion is "extremely safe," and urges a narrower reading of the term "pollutant" to include a substance causing long-term or widespread environmental degradation, but not any substance that is merely an irritant or contaminant to a particular person.

The policy language is ambiguous. It is certainly permissible for insurance companies to limit their liability for the damages polluting activity may cause, but it is well-settled that an insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms. *Traders State Bank v. Continental Ins. Co.*, 448 F.2d 280, 283 (10th Cir. 1971); *Krug v. Miller's Mut. Ins. Ass'n*, 209 Kan. 111, 117, 495 P.2d 949, 954 (1972). Giving the policy language its plain, ordinary meaning, the definition of "pollutants" does little to clarify the scope of the exclusion. Any substance could conceivably be an "irritant or contaminant" under the right circumstances. The broad reading of this provision urged by Westchester and Pennsylvania National is simply inconsistent with the duty incumbent upon the insurer to define limitations in coverage with precision. Lack of precision in the definition of "pollutants" renders the entire exclusion ambiguous.

■ Where the terms of the policy of insurance are ambiguous, the construction most favorable to the insured must prevail. *Royal College Shop, Inc. v. Northern Ins. Co. of New York*, 895 F.2d 670, 674 (10th Cir.1990). Accordingly, the court finds that the term "pollutants" as used in these insurance policies contemplates a substance that is particularly harmful or toxic to persons or the environment generally, and not merely those substances harmful to particular persons or property due to special circumstances.

■ Notwithstanding the construction adopted above, material issues of fact preclude a summary determination whether malathion is a "pollutant." Summary judgment is therefore inappropriate on the claims of Westchester and Pennsylvania National that the pollution exclusions take the Radells' claims outside the ambit of the insurance policies.

■ Even if the court eventually determines that malathion is a "pollutant," the Pennsylvania National policy will nonetheless extend coverage if the discharge was "sudden and accidental." This policy language is not ambiguous. *American*

*Motorists Ins. Co. v. General Host Corp.*, 667 F.Supp. 1423, 1429 (D.Kan.1987), *aff'd*, 946 F.2d 1482 (10th Cir.1991). The discharge is accidental if not expected or intended by the insured. *American Motorists Ins. Co. v. General Host Corp.*, 946 F.2d 1482, 1486 (10th Cir.). It is uncontroverted that the fogging apparatus activated suddenly as the City truck passed the Radells' vehicle, and there is no evidence in the record to suggest that the City expected or intended the discharge to occur. In light of this, the court finds that the discharge was accidental, and that the Radells' claims against the City are covered by the Pennsylvania National insurance policy. The defendants are therefore entitled to summary judgment in Pennsylvania National's declaratory judgment action.

■ Westchester additionally seeks to deny coverage on the basis of a policy exclusion for bodily injury or property damage arising out of use of an "auto," as that term is defined in the policy. The auto exclusion does not apply to bodily injury or property damage arising out of the operation of "[a]ir compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment." Westchester Commercial General Liability Coverage Form, ¶ I.2.g(5), V.8.f(3). The Radells' claims are for bodily injury allegedly caused by the negligent spraying of pesticide. The fogging device used by the City to disperse pesticide qualifies as "spraying equipment," and therefore falls squarely within the exception to the auto exclusion in the policy. The auto exclusion does not operate to preclude coverage in this case.

■ The final matter requiring the court's attention is the City's motion for attorney fees incurred to defend the Westchester and Pennsylvania National declaratory judgment actions. The City is entitled to attorney fees from Pennsylvania National. *See Upland Mutual Insurance, Inc. v. Noel*, 214 Kan. 145, 152, 519 P.2d 737, 742 (1974) (insured entitled to recover attorney fees and expenses incurred in defense of declaratory judgment action if it is determined that there is coverage and a duty to defend). The court will defer ruling on the City's motion for attorney fees from West-

chester until such time as that action is concluded.

IT IS THEREFORE ORDERED that the City' Motion for Summary Judgment Against Pennsylvania National (Doc. # 8) is granted as to both policy coverage and attorney fees.

IT IS FURTHER ORDERED that Pennsylvania National's Motion for Summary Judgment (Doc. # 65) is denied.

IT IS FURTHER ORDERED that Westchester's Second Motion for Summary Judgment (Doc. # 68) is denied, and the City's Cross Motion for Summary Judgment on the Auto Exclusion (Doc. # 78) is granted, but the court does not rule on the City's request for attorney fees from Westchester.

IT IS FURTHER ORDERED that Westchester's Motion for Clarification and Reconsideration (Doc. # 71) is denied.