**WESTCHESTER FIRE INSURANCE COMPANY, Plaintiff,**

v.

**CITY OF PITTSBURG, KANSAS, et al., Defendants.**

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**CITY OF PITTSBURG, KANSAS, et al., Defendants.**

Civ. A. Nos. 90–2305, 90–2414–O.

United States District Court, D. Kansas.

May 12, 1992.

See also 768 F.Supp. 1463.

Jerome V. Bales, D'Ambra M. Howard, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for Westchester Fire Ins. Co.

Frank D. Menghini, Douglas M. Greenwald, McAnany, Van Cleave Phillips, P.A., Kansas City, Kan., for City of Pittsburg, Kansas.

Robert S. Tomassi, Loy & Loy, Pittsburg, Kan., for Ernest Radell, Carol Radell and Brandon Radell.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

On April 7, 1992, this matter came before the court for trial of Westchester Fire Insurance Company's declaratory judgment action. The issue presented is whether a mixture of malathion and diesel fuel used by the defendant City of Pittsburg as a pesticide is a "pollutant" under the terms of a commercial general liability insurance policy issued by the plaintiff to the City.

The malathion and diesel fuel mixture at issue is not a "pollutant" under the terms of the insurance policy. The court has previously held that the term "pollutants" in the insurance policy contemplates a substance that is particularly harmful or toxic to persons or the environment generally, and not merely those substances harmful to particular persons or property due to special circumstances. *See Westchester v. City of Pittsburg, Kansas, et. al.,* (D.Kan. 1992), 1992 WL 66336, at *3–4. The evidence adduced at trial established that malathion is widely used throughout the United States and has been approved by the EPA as a method of mosquito control. If used properly, at the right concentrations and with minimal exposure to humans, it is a safe and effective method of mosquito eradication. The standard method of malathion application, utilized by the City in this case, is dispersal by a thermal fogger with a petroleum distillate like diesel fuel. This method assures quick dispersal of the insecticide without residue or environmental damage. Although any pesticide is potentially harmful to humans, under normal circumstances the use of malathion as a pesticide does not pose a danger to humans or the environment. Therefore, the court concludes that the mixture of malathion and diesel fuel at issue is not a "pollutant" under the terms of the insurance policy.

Accordingly, the court finds that the Radells' claims are covered by the Westchester insurance policy, and the defendants are entitled to judgment in this declaratory judgment action. The court also finds that the City is entitled to attorney's fees from Westchester. *See Upland Mut. Ins., Inc. v. Noel,* 214 Kan. 145, 152, 519 P.2d 737, 742 (1974) (insured entitled to recover attorney's fees and expenses incurred in defense of declaratory judgment action if it is determined that there is coverage and a duty to defend).

Also before the court is the motion of the defendant City for attorney's fees and costs in defending Pennsylvania National's declaratory judgment action. Pennsylvania National disputes the fees and costs claimed by the City. The court will defer ruling on this motion for now, and orders that the parties, including Westchester, confer and proceed on the issue of attorney's fees and costs in accordance with the provisions of D.Kan. Local Rule 220.

IT IS THEREFORE ORDERED that judgment is entered for the defendants and against Westchester as to both policy coverage and attorney's fees. With respect to attorney's fees and costs, all parties are ordered to confer and proceed in accordance with D.Kan. Local Rule 220.