**ANIVAL VAZQUEZ, JR., Appellant**

**v.**

**JERRY FREEMAN and MARIANA POTTER, Appellees**

D.C. Civ. App. No. 93-19

T.C. S.C. No. 1528-1992

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 22, 1994

ANIVAL VAZQUEZ, JR., St. Thomas, V.I., *Pro Se Appellant*

JERRY FREEMAN, MARIANA POTTER, St. Thomas, V.I., *Pro Se Appellees*

MOORE, *Chief Judge*, District Court of the Virgin Islands; BROT-MAN, *Senior Judge* of the United States District Court for the District of New Jersey, Sitting by Designation; and CABRET, *Judge* of the Territorial Court of the Virgin Islands, St. Croix Division, Virgin Islands, Sitting by Designation.

On Appeal from the
Territorial Court of the Virgin Islands

OPINION OF THE COURT

Appellant, Anival Vazquez, Jr., contends that the Territorial Court erred in dismissing his Complaint against appellee Potter,

the owner of the vehicle that collided with appellant's automobile. For the reasons set forth below, this Court will reverse the Territorial Court's Judgment dated December 22, 1992 in that it dismisses the Small Claims action against appellee Potter and remand this matter to the Territorial Court for further consideration.

## I. FACTUAL BACKGROUND

Appellant was involved in an automobile collision with appellee Freeman who, at the time of the accident, was driving appellee Potter's vehicle. Before trial on December 21, 1992, the Territorial Court Judge briefly questioned the parties. After Mr. Freeman stated that he was neither employed by or acting on behalf of Ms. Potter when the collision occurred, the trial judge dismissed Ms. Potter "out of the case and [left her] brother in alone since it's him and him alone that should be dealt with." Appt's brief (Partial Transcript, December 21, 1992 at 3). Mr. Vazquez appealed, contending that the uninsured status of the vehicle, Mr. Freeman's poor driving record[1], and Mr. Freeman's "prior history of more than one car crash with vehicles belonging to close members of their family" should have resulted in the assignment of liability upon appellant Potter based on the theory of negligent entrustment. Appt's brief (Statement). Appellees did not submit any response to appellant's allegations.

## II. DISCUSSION

This Court exercises plenary review over a dismissal by the Territorial Court premised in the Federal Rules of Civil Procedure. Ditri v. Codwell Banker Residential Affiliates, Inc., 954 F.2d 869, 871 (3d Cir. 1992); Hayes v. Community Gen. Osteopathic Hospital, 940 F.2d 54, 56 (3d Cir. 1991), cert. denied, 112 S.Ct. 940 (1992).

Section 390 of the Restatement (Second) of Torts imputes liability if an individual lends her vehicle to another individual known to or suspected to be an unsafe driver and an accident occurs that was proximately caused by the incompetence or unfitness

---

[1] Appellant provided a copy of Mr. Freeman's ticket history as provided by the Territorial Court Traffic Division.

of that driver.[2] Because the record does not disclose what, if anything, appellee Potter knew or suspected regarding her brother's driving abilities, the Territorial Court erred in dismissing the Complaint against Ms. Potter based on the Court's limited inquiry of appellees' relationship. Ms. Potter's liability, if any, for loaning her car to her brother was a question of fact to be determined after appellant had been given an opportunity to present evidence.

## III. CONCLUSION

Appellant was not given an opportunity to present evidence that appellee Potter knew or suspected that appellee Freeman was an unsafe driver. For this reason, the Territorial Court's dismissal of appellant's action against appellee Potter is reversed, and this matter is remanded for further proceedings to determine appellee Potter's liability, if any, for appellant's damages. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 22nd day of February, 1994, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's Judgment dated December 22, 1992 is REVERSED, and the matter is REMANDED for further proceedings consistent with this Court's Opinion of even date.

---

[2] The Restatement (Second) of Torts, § 390 states:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Restatement (Second) of Torts § 390, illustration 8; e.g., Allen v. Toledo, 167 Cal. Rptr. 270, 274 (Cal. Ct. App. 1980); Cohen v. Rubin, 460 A.2d 1046, 1053 (Md. Ct. Spec. App. 1983); Priestly v. Skourup, 45 P.2d 852, 854 (Kan. 1935).