No. 21,977.

WILLIAM DIXON, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

DEFECTIVE SIDEWALK—*Personal Injuries—City Ordinance—Liability of Abutting Owner.* The rule by virtue of which one who has assumed the duty of keeping a part of a street in repair, in return for some privilege granted, is held liable to persons injured in consequence of his neglect to do so, does not apply to an abutting owner upon whom an ordinance imposes the duty of keeping a sidewalk in repair, with the proviso that in case of his failure to take action, after having been officially notified of the necessity thereof, the city may make the repairs and charge the cost to the property.

Appeal from Barber district court; GEORGE L. HAY, judge. Opinion denying a rehearing filed May 10, 1919. (For original opinion of reversal see *ante*, p. 404, 179 Pac. 548.)

*W. P. Waggener, J. M. Challiss, Walter E. Brown,* all of Atchison, and *Seward I. Field,* of Medicine Lodge, for the appellant.

*Chester I. Long, Austin M. Cowan,* both of Wichita, and *Samuel Griffin,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

MASON, J.: In this case we decided, following the weight of authority, that the fact that an ordinance requires a sidewalk to be kept in repair by the abutting owner does not render such owner liable to a person injured by reason of a defect in the walk. In a motion for a rehearing, it is urged that the decision conflicts with *Jenree v. Street Railway Co.,* 86 Kan. 479, 121 Pac. 510, which had not previously been cited. There the city allowed a street railway company to make use of a viaduct forming a part of a street, under an agreement that it should keep in repair the viaduct and the sidewalk forming a part thereof. The company was held liable in an action brought against it by a pedestrian who was injured through its suffering the walk to become unsafe. A number of similar cases are collected in a note thereto in Ann. Cas. 1913C, 217, where the general rule is thus expressed:

"A person required by contract, franchise, municipal ordinance, or statute to perform the duty resting on the municipality of keeping its streets in repair and safe for the passage of the public, is liable to a party injured by a defect in a street caused by the failure to perform such duty."

This language may seem broad enough on its face to cover such cases as the present, and the reasoning back of it may be thought to be to some extent applicable thereto; but the fact remains that the rule is almost universally treated as not extending to one whose duty to keep a sidewalk in repair grows out of his ownership of the abutting property. The note referred to recognizes this distinction by expressly excluding "cases involving the liability of abutting owners." In the cases to which the rule above stated is applied, the care of the part of the street in question is ordinarily taken over by a public

service corporation, either in return for some privilege granted to it, or because the situation is such that the work can be more conveniently handled by it than by the city. While the city, of course, is not itself relieved of responsibility, it, in effect, engages the private corporation to handle the matter and looks to it for results, often with the express agreement, which was made in the Jenree case, that the city shall be indemnified against claims growing out of the contractor's negligence. A law requiring the abutting owner to repair a sidewalk does not usually in terms impose a liability for injuries growing out of defects, and when it does not, it is not considered as contemplating such a liability. The purpose is not to relieve the city of the necessity of looking after the matter directly, but rather to give the individual an opportunity to do the work if he prefers, and otherwise to lay a foundation for charging the cost to the benefited property after the repairs have been made by the city. Here there was nothing in the ordinance to indicate an intention to render the abutting owner liable to individuals. The stated effect of his failure to act, upon a notice to make repairs, was to subject his property to assessment to reimburse the city for its outlay in making the repairs itself.

The plaintiff, in his motion, refers particularly to two cases as contrary to the conclusion reached by this court: one of them (*Delaware, L. & W. R. Co. v. Madden,* 241 Fed. 808), as was said in the original opinion, was based on an ordinance specifically making abutting owners liable for injuries due to their neglect to make repairs; the other (*Mullins v. Siegel-Cooper Co.,* 183 N. Y. 129), held an abutting owner liable for the unsafe condition of a walk created by an independent contractor because the situation was such that the contractor was to be deemed in effect his agent. That the prevailing rule is followed in New York is shown by *City of Rochester v. Campbell et al.,* 123 N. Y. 405, where, under an ordinance quite similar to that here involved, the court held that the lot owner was liable neither to the person injured, nor to the city after it had paid his claim.

In the original opinion it was said that there was no allegation or proof that the teams which were driven across the walk, causing the defect complained of, belonged to or were controlled by the defendant. The correctness of this statement is challenged, on the ground that the petition alleged, and evi-

dence was given in support of the allegation, that the defendant permitted and consented to the teams of the oil company being driven over the walk. The distinction between an affirmative act of the defendant and an act of another which it failed to prevent was what the court had in mind, and the statement still appears to it to be correct.

The motion for a rehearing is denied.