No. 44,080

Ruby Harris, *Appellant*, v. Howard McConnell and McConnell Lumber Company, a Corporation, *Appellees*.

(401 P. 2d 908)

Opinion filed May 15, 1965.

*Eugene C. Riling*, of Lawrence, argued the cause, and *John J. Riling*, of Lawrence, was with him on the brief for the appellant.

*Harold E. Doherty*, of Topeka, argued the cause, and *Ernest J. Rice* and *James E. Benfer*, of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This is an action to recover for personal injuries sustained by plaintiff when she slipped and fell on an alleged dangerous and defective sidewalk in front of defendants' place of business in the city of Lawrence.

Plaintiff has appealed from an order sustaining defendants' motion for summary judgment.

Omitting formal parts and allegations as to plaintiffs injuries, the petition alleged that sometime prior to July 13, 1961, defendants constructed a concrete sidewalk in front of their place of business; that such sidewalk when constructed was dangerous, defective and unsafe for travel upon it in that the sidewalk had holes and depressions in it, the surface was uneven and that it was constructed on the wrong grade. That the sidewalk remained in the same condition up until and including July 13, 1961, on which date plaintiff entered defendants' place of business for the purpose of purchasing mer-

chandise. That after making her purchase she proceeded to use the sidewalk, and in doing so stepped into a hole and depression in it which caused her to fall, and as a result of which she sustained injuries. That at the time and place in question it was and had been raining and that the hole and depression in the sidewalk contained water and dirt. That the negligence of defendants in maintaining the sidewalk in such dangerous and defective condition was the direct and proximate cause of plaintiff's injuries.

The answer contained formal admissions and denials, alleged that it was not defendants' duty to construct, maintain or care for the sidewalk, but rather that it was the duty and obligation of the city of Lawrence, and further alleged that if plaintiff suffered injuries they were through no negligence of defendants and were caused solely by plaintiff's contributory negligence.

The reply denied material allegations of the answer and further denied that it was the duty and obligation of the city to maintain and keep in repair the sidewalk for the reason that G. S. 1949, 12-1808 imposes such duty upon abutting owners.

After issues were joined, plaintiff's deposition was taken. The following portion of it is included in the record:

"A. I came out the door, started toward my truck, the sidewalk was wet, as it had been raining, you could see that, and then I hit this puddle, it just looked like water on the sidewalk to me, which was mud underneath, and my feet went out from under me and I fell flat on my back."

"Q. Now going back to this sidewalk in front of the McConnell Lumber Company on the day of this accident, there wasn't anything in the nature of a hole in the sidewalk, was there?

"A. Not a hole.

"Q. In other words, was a piece of cement out of the sidewalk?

"A. No, sir.

"Q. The only complaint you have made of what caused you to slip would be the mud and dirt on the sidewalk?

"A. Yes, sir."

Defendants then filed a motion for summary judgment ". . . for the reason that all of the files, pleadings, depositions and evidence gathered to date indicate that plaintiff does not have a cause of action against defendants."

The motion was sustained, and plaintiff has appealed.

The question of liability of an abutting owner for injuries sustained by a pedestrian because of defects in a sidewalk has been

before the court many times, and an extended discussion of the cases on the subject is unnecessary.

The general rule in this jurisdiction and elsewhere is that persons injured through defects in a sidewalk have no cause of action against the abutting owner *merely by reason of his ownership.* (*Jansen v. City of Atchison,* 16 Kan. 358; *Dixon v. Railway Co.,* 104 Kan. 404, 406, 179 Pac. 548, reh. den., 104 Kan. 787, 180 Pac. 733; *Spear v. City of Sterling,* 126 Kan. 314, 267 Pac. 979; *Pierce v. Jilka,* 163 Kan. 232, 238, 181 P. 2d 330; *Clair v. City of Kansas City,* 180 Kan. 409, 415, 304 P. 2d 468. See also the Annotation "Liability of abutting owner or occupant for condition of sidewalk," 88 A. L. R. 2d 331, § 2 [*a*], p. 337, and § 3, p. 340.)

The statute, G. S. 1949, 12-1808 (now K. S. A. 12-1808), pleaded and relied on by plaintiff, is of no help to her. The duty imposed by it is one flowing from the abutting owner to the city. In the *Dixon* case, above, where a city ordinance similar to the mentioned statute was considered, it was said:

"Whether or not an absolute obligation of the owner to repair the walk arises before he receives an official notice, his duty in the matter is one owing to the city, and not to individuals. The prevailing view is that under such a law a person injured in consequence of a defective walk cannot maintain an action against the owner of the abutting property." (p. 406.)

To like effect, see the *Pierce* case, above, pp. 236, 237.

In its memorandum decision the trial court recognized the foregoing rules and authorities, and in sustaining the motion for summary judgment stated:

"A construction of the allegations of plaintiff's petition in light of her reply compels the conclusion that plaintiff bases her claim upon defendants' failure to repair the defects which plaintiff alleges existed at the time the walk in question was constructed and continued to exist at the time plaintiff fell thereon. This being the situation it is clear from the cases cited that plaintiff cannot recover in this action."

We adhere to the rule of the above authorities, and, although we concede the record presents a "close" question, we believe that a literal reading of plaintiff's allegations brings the matter within what appears to be a well recognized exception to the general rule relating to liability of an abutting owner.

The petition in this case alleges that it was defendants who constructed the concrete sidewalk in front of their place of business and that when so constructed it was dangerous, defective and un-

safe for travel in that it contained holes and depressions, and that the surface thereof was uneven, and that it was constructed on the wrong grade. In other words, the claim is not that the sidewalk became defective through use, age or other means—*but rather is that defendants themselves constructed and maintained it in the defective manner alleged.*

In the early *Jansen* case, above, the action was against the city and the abutting landowner, Otis. At page 385 of the opinion is found this comment:

"Was the demurrer of the defendant Otis properly sustained? We think it was. The only allegation in the petition pointing toward him was, that he was the owner of the lot and building in front of which the injury occurred. *There was no allegation or intimation that the defect in the sidewalk resulted from any negligence or omission on his part.* Negligence was charged upon the city, not upon him. So that, unless a lot-owner is responsible for all injuries resulting from a defective sidewalk in front of his lot, the petition stated no cause of action against him." (Emphasis supplied.)

In the *Pierce* case, above, it was said:

"It is well settled in this state, and generally elsewhere, that an abutting property owner is not liable for personal injuries sustained by pedestrians injured by stumbling or falling over defects in the sidewalk *unless the defect was created by such owner* and is such a defect as amounts to a nuisance." (p. 239.) (Emphasis supplied.)

In the recent *Clair* case, above, it was held:

"Under the law of this state an abutting property owner is not liable for defects in a sidewalk, even though he is using the area under such sidewalk by permission of the city, *unless the defects complained of are created by his own negligence* or bear some causal relationship to his use of the area under the sidewalk." (Syl. 1.) (Emphasis supplied.)

The exception to the rule of nonliability of an abutting owner also is discussed in § 8, page 361, of the Annotation in 88 A. L. R. 2d, above mentioned.

Despite plaintiff's misplaced reliance on 12-1808, above mentioned, and despite defendants' reliance on the portion of plaintiff's deposition above quoted, we are of the opinion that under the provisions of K. S. A. 60-256 (*c*), it was error to sustain defendants' motion for summary judgment. What the evidence may establish upon trial of the case is another matter.

The judgment is therefore reversed.