(238 P.3d 314)
No. 102,019

ADAM TUANLOC TRAN, *Appellant*, v. QUANG HONG NGUYEN, *Defendant*, STEVEN D. HOHENSEE and XUAN HONG HOHENSEE, *Appellees*, and THE BOARD OF COUNTY COMMISSIONERS OF LEAVENWORTH COUNTY, KANSAS, *Defendant*.

—

Opinion filed August 27, 2010.

*Michael Crow, Martha Burnett Crow*, and *John A. Oliveros*, of Crow & Associates, of Leavenworth, for appellant Adam Tuanloc Tran.

*Paul Hasty, Jr.*, of Schmitt, Manz, Swanson & Mulhern, of Overland Park, for appellees Steven D. Hohensee and Xuan Hong Hohensee.

Before LEBEN, P.J., GREEN and CAPLINGER, JJ.

CAPLINGER, J.: Adam Tuanloc Tran was a passenger in a minivan driven by Quang Hong Nguyen when Nguyen collided with another vehicle. Tran sued the owners of the minivan, Steven and Xuan Hong Hohensee (husband and wife) (the Hohensees), for negligently entrusting their minivan to Nguyen. The district court granted the Hohensees' motion for summary judgment, and Tran now appeals. Finding no error in the district court's ruling, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Tran and Xuan Hohensee were passengers in a minivan driven by Nguyen and owned by the Hohensees when Nguyen drove his vehicle into the path of a vehicle driven by Sarah Shockey. Nguyen was an experienced driver who had previously driven the

Hohensees' van on multiple occasions, and he had not been involved in any prior vehicle accidents.

Before the accident, the Hohensees had removed the minivan's middle seat and, in the space created, had placed the spare tire, a rug, and other loose items. At the time of the accident, Tran was seated in the back seat of the van. Tran was wearing his seat belt and had not noticed any problems with the seat belt. After the accident, the seat belt appeared frayed.

When emergency crews arrived after the accident, Tran was lying on the floor of the minivan with his head on the spare tire. Tran had a seizure after the accident and does not remember the details of the accident.

Tran subsequently brought this negligence action against Nguyen, the Hohensees, Sarah Shockey, Dale Shockey (Shockey's father), and the Board of County Commissioners of Leavenworth County. Tran alleged Nguyen was negligent in that he was inattentive, failed to yield the right of way, failed to maintain proper control of the vehicle, and failed to maintain a proper lookout. According to the petition, Shockey was negligent in failing to maintain proper control of her vehicle, failing to maintain a proper lookout, driving at an excessive speed for the conditions, and being inattentive. Tran also brought a negligent entrustment action against Dale Shockey, alleging he knew or had reason to know that his minor daughter was an incompetent and careless driver.

Regarding the Hohensees, Tran alleged they "negligently entrusted their 1992 van to defendant Nguyen by furnishing the van to defendant Nguyen, knowing, or having reason or cause to know, defendant Nguyen to be an incompetent, careless driver."

Finally, Tran asserted the Board was negligent in the design, construction, and maintenance of the intersection where the accident occurred.

Pursuant to a joint motion filed by Tran and the Shockeys, the Shockeys were subsequently dismissed from the lawsuit with prejudice.

The Hohensees moved for summary judgment, asserting there was no evidence that Nguyen was an incompetent or careless driver and, thus, there was no evidence to support Tran's claim of neg-

ligent entrustment. Tran responded, arguing Nguyen was a careless driver because he knew or should have known the van was unsafe because its middle seat had been removed, the spare tire was unsecured, and the seat belt was frayed. Nguyen claimed the Hohensees negligently entrusted the van to Nguyen because they knew the van was unsafe and permitted Nguyen to drive it despite his knowledge of the unsafe conditions.

The district court granted the Hohensees' motion for summary judgment, finding there were no genuine issues of material fact and the facts alleged by Tran were legally insufficient to support his negligent entrustment claim. Further, although the district court had not resolved Tran's claims against the remaining defendants, the court expressly entered final judgment under K.S.A. 60-254(b) against Tran and in favor of the Hohensees, thus permitting this appeal.

## ANALYSIS

On appeal, Tran argues the district court erred in granting summary judgment because material issues of fact remain as to whether the Hohensees' negligently entrusted the vehicle to Nguyen.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The district court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, the same rules apply; summary judgment must be denied if reasonable minds could differ as to the conclusions drawn from the evidence. *Miller v. Westport Ins. Corp.*, 288 Kan. 27, 32, 200 P.3d 419 (2009).

Summary judgment should be granted with caution in negligence actions. See *Esquivel v. Watters*, 286 Kan. 292, 296, 183

P.3d 847 (2008). However, summary judgment is proper in a negligence action if the defendant shows there is no evidence indicating negligence. *Edwards v. Anderson Engineering, Inc.*, 284 Kan. 892, 904, 166 P.3d 1047 (2007).

Negligent entrustment is "knowingly entrusting, lending, permitting, furnishing, or supplying an automobile to an incompetent or habitually careless driver. [Citations omitted.]" *McCart v. Muir*, 230 Kan. 618, 620, 641 P.2d 384 (1982); see also *Grimmett v. Burke*, 21 Kan. App. 2d 638, 650, 906 P.2d 156 (1995), *rev. denied* 259 Kan. 927 (1996) ("[N]egligent entrustment occurs when the owner of an automobile allows a third party to drive it while knowing that the driver is incompetent, careless, or reckless."). Thus, to avoid summary judgment on this claim, Tran was required to present evidence that the Hohensees entrusted their minivan to Nguyen with knowledge, or with reasonable cause to know, that Nguyen was an incompetent driver. See PIK Civ. 4th 121.92. "An incompetent driver is one, who by reason of age, experience, physical or mental condition, or known habits of recklessness, is incapable of operating a vehicle with ordinary care." *McCart*, 230 Kan. at 620.

Significantly, in his petition, Tran characterized his negligent entrustment claim as consistent with Kansas law—*i.e.*, he alleged the Hohensees entrusted their vehicle to Nguyen knowing him to be an incompetent or careless driver. However, in response to the Hohensees' summary judgment motion, Tran did not directly argue that Nguyen was an incompetent or careless driver. Instead, as the district court noted, Tran attempted to rely upon a "creative" interpretation of Kansas' negligent entrustment law. Essentially, Tran reasoned that Nguyen knew or should have known the Hohensees vehicle was unsafe and, consequently, Tran was a "careless" driver. Tran then concludes that because the Hohensees knew their vehicle was unsafe and entrusted the vehicle to a driver who knew or should have known the vehicle was unsafe, they negligently entrusted their vehicle to a careless driver.

Tran claims the minivan was unsafe in several respects: (1) the middle row of seats had been removed; (2) a spare tire and other loose items were stored in the area created by the removed seats;

and (3) the shoulder harness of Tran's seat belt was frayed. It is unclear whether Tran claims Nguyen knew, or should have known, of these conditions.

For instance, Tran repeatedly argues that Nguyen failed to inspect the minivan before driving it. Further, he points out that Xuan Hohensee, who was a passenger in the vehicle, knew that Nguyen had failed to inspect the vehicle. However, in his appeal brief, Tran also inconsistently suggests that Nguyen "knew of the alleged dangerous conditions and elected to drive and transport passengers despite these numerous unsafe conditions." He further suggests that "[t]he dangerous conditions were open and obvious, the unsecured metal wheel was lying in the open."

Regardless of Tran's inconsistent positions regarding Nguyen's knowledge of the alleged dangerous conditions, we cannot agree with Tran's premise that driving an allegedly unsafe car renders a driver incompetent, careless, or reckless and renders the car's owners liable for the negligent entrustment of the vehicle. Negligent entrustment requires that the owner of the vehicle be aware of characteristics of *the driver*, not the vehicle, that render it unsafe for the owner to entrust the driver with the vehicle. See *McCart*, 230 Kan. at 620; *Fogo, Administratrix v. Steele*, 180 Kan. 326, 328, 304 P.2d 451 (1956); *Grimmett*, 21 Kan. App. 2d at 650.

Tran does not allege that Nguyen was an unsafe driver by reason of his age, experience, physical or mental condition, or known habits of recklessness. Nor did Tran present any evidence to show that the Hohensees knew or should have known that Nguyen was an unsafe driver based upon any personal characteristics. Rather, Tran relies entirely upon evidence which he suggests shows that the minivan was unsafe.

In suggesting that the trial court should have found material questions of fact remaining as to whether Nguyen stated a claim of negligent entrustment pursuant to Restatement (Second) of Torts § 389 (1964), the dissent suggests that "it would seem that the trial court ignored plaintiff's additional allegations of uncontroverted facts" and instead accepted the defendants' contention that "no such negligent entrustment theory *could be made* under those allegations."

The flaw in the dissent's analysis is that the plaintiff never *made* a claim of negligent entrustment pursuant to Restatement § 389. Instead, it is uncontroverted that the only claim the plaintiff pled was that the Hohensees negligently entrusted their van to Nguyen knowing, or having reason or cause to know, Nguyen was an incompetent or careless driver.

The dissent places great emphasis upon the trial court's finding that Tran claimed the Hohensees' vehicle was unsafe. The problem is that the trial court's reference to the allegation clearly recognized its tie to Tran's claim that Nguyen was a careless driver. As the trial court pointed out, the only basis for Tran's negligent entrustment claim was that a "reasonably prudent driver would have inspected the van and found it to be unsafe." The court then summarized Tran's negligent entrustment claim as follows: "Nguyen knowingly operated the van in its existing condition, quote, Displayed the fact that he is a careless driver, end quote."

The dissent would find that the district court erred in ruling upon what the dissent terms the plaintiff's "initial negligent entrustment theory that plaintiff seemed to rely on." In fact, this "initial" theory was the "only" theory that plaintiff relied upon throughout the summary judgment pleadings and hearing. The dissent fails to note that in Tran's response to the summary judgment motion, Tran reiterates his "theory" of liability—*i.e.*, that the Hohensees "negligently entrusted an unsafe vehicle to *a careless driver.*" This theory is reiterated throughout the response, and Tran never suggested that he was asserting a different theory of negligent entrustment, much less Restatement §389.

Significantly, the dissent also fails to note that the *only* possible new theory Tran referred to in response to summary judgment was an unspecified claim regarding vehicles and laws "designed to avoid causing the injuries which occurred on the day of this accident." In support of this argument, Tran asserted:

"*In the alternative and without waiving the above,* modern motor vehicle manufacturers by regulation and on their own initiative take many precautions to prevent drivers from placing dangerous objects in the open where they can harm passengers in a vehicle. Vehicles have a compartment for spare tires to be placed either at the rear of the car or under the car, completely away from causing harm

to a passenger. Vehicles come with trunks or space in the rear of larger vehicles to put rugs, boxes, and other loose items than can contribute to harmful conditions. There are strict regulations on safety devices and restraints ensuring that they operate properly. All of these measures are incorporated by the manufacturers to prevent injuries to passengers such as Mr. Tran suffered." (Emphasis added.)

While the nature of this "alternative" claim is not at all clear to the court, we can say with certainty that it does not appear to state anything close to an alternative theory of liability based on Restatement § 389. At best, it seems to attempt to preserve a strict liability claim against the vehicle's manufacturer, although the manufacturer was not a party to the action.

Further, Tran's counsel reiterated at the summary judgment hearing that Tran's claim was based on the *driver's* failure to "inspect the vehicle and to not drive it if it's unsafe" and the Hohensees' knowledge of the *driver's* failure. Moreover, after the Hohensees' counsel pointed out that Tran had failed to establish that the driver was incompetent, careless, or reckless, the district court gave Tran's counsel an opportunity to respond. In response, Tran's counsel not only failed to assert a negligent entrustment theory under Restatement § 389, he once again reiterated that Tran's negligent entrustment claim relied upon Tran's "failure to inspect the vehicle" and his assertion that Tran was an "unsafe *driver.*" Finally, Tran's counsel pointed out, "Well, the PIK [PIK Civ. 4th 121.92] I think really hits it. It defines common drivers and unsafe drivers."

Thus, Tran had multiple opportunities to assert an alternative theory of liability. At every opportunity, Tran reasserted his theory of liability based upon the carelessness and negligence of the driver. We decline to devise and apply a new theory at the appellate stage of these proceedings.

Additionally, even if we were willing to unilaterally declare that Tran somehow pled an alternative theory of negligent entrustment, we would nevertheless have to conclude as a matter of law that the theory did not apply here. As the dissent points out, Restatement § 389 bases liability upon *supplying* an unsafe chattel to a third person while knowing or having reason to know the chattel is un-

likely to be made reasonably safe before being put to a use which the supplier should expect it to be put. The dissent fails to point out what this theory clearly implies—*i.e.*, that the owner actually *supplies* the chattel to a third person and the third person then uses the chattel absent the owner's presence.

Here, it is uncontroverted that one of the owners of the vehicle, Xuan Hohensee, was *a passenger in the vehicle* driven by Nguyen. She did not *supply* the vehicle to Nguyen *expecting* him to use it in a particular manner. She was present and "using" the vehicle herself, albeit as a passenger, not a driver.

In conclusion, we refuse to apply an alternative theory of negligent entrustment under Restatement (Second) of Torts § 389 because that theory was never pled or asserted by the plaintiff despite multiple opportunities to do so. Further, even if we were willing to apply that alternative theory, we would find the facts of this case do not fit within it.

Because the district court correctly held that the facts as alleged by Tran were insufficient to support his claim of negligent entrustment as pled, we affirm the district court's grant of summary judgment in favor of the Hohensees.

Affirmed.

\* \* \*

GREEN, J., dissenting: By not addressing certain uncontroverted facts that were considered by the trial court, the majority today finds a way to deny the plaintiff, who suffered severe head injuries and who incurred medical expenses exceeding $300,000 because of an unsafe vehicle, his day in court. This brings us to one overriding question: Should plaintiff's negligent entrustment claim be barred because of his misplaced reliance on one theory of negligent entrustment when defendants' admissions to plaintiff's uncontroverted facts and the trial court's consideration of plaintiff's 54 paragraphs of uncontroverted facts brought plaintiff's claim within another well-recognized theory of negligent entrustment under Restatement (Second) of Torts § 389 (1964), thus indicating that defendants' motion for summary judgment, which was filed before discovery had been completed, was prematurely granted? The answer is no.

An understanding of this issue requires a discussion on two separate theories of negligent entrustment that Kansas law has recognized. First, the negligent entrustment theory that is probably the most familiar is based on Restatement (Second) of Torts § 390 (1964), which states:

"One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

This negligent entrustment theory frequently occurs when a car owner lends or entrusts his or her car to a person whom the owner knows is incompetent or inexperienced to use it safely. Our Supreme Court first recognized this negligent entrustment theory in *Priestly v. Skourup*, 142 Kan. 127, 130, 45 P.2d 852 (1935); see also *McCart v. Muir*, 230 Kan. 618, 620-21, 641 P.2d 384 (1982) (citing *Priestly* for the definition of an incompetent driver).

Second, the negligent entrustment theory that is not as familiar as Restatement (Second) of Torts § 390 (1964) is based on Restatement (Second) of Torts § 389. Restatement § 389 imposes liability on the supplier of an unsafe chattel to another when the supplier of the chattel knows or has reason to know that the chattel "is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put." Restatement (Second) of Torts § 389; see *Bergstresser v. Van Hoy*, 142 Kan. 88, 92, 45 P.2d 855 (1935) (citing Restatement [First] of Torts § 388, 389 [1934]).

Here, in granting summary judgment to the defendants, the trial court made an erroneous legal conclusion that the uncontroverted facts set forth by the plaintiff could not establish a negligent entrustment theory in Kansas. Despite the fact that many of the plaintiff's 54 paragraphs of uncontroverted facts, which the trial court accepted as the controlling facts, fit within a negligent entrustment theory under Restatement § 389, the trial court declared, in its written journal entry, that there were "no facts in the case that support a claim by plaintiff against the defendants, [the] Hohen-

see[s], for negligent entrustment." This board language used by the trial court included any negligent entrustment theory that was encompassed within plaintiff's 54 paragraphs of uncontroverted facts. Consequently, the trial court's ruling was not limited to negligent entrustment under Restatement (Second) of Torts § 390, as the majority implies.

Moreover, when a plaintiff has made a mistake about what relief to which he or she is entitled, our Supreme Court has intervened to prevent the hardship that would fall to the plaintiff if he or she were denied his or her day in court. This intervention is vividly illustrated in *Harris v. McConnell*, 194 Kan. 800, 802-03, 401 P.2d 908 (1965). There, our Supreme Court reversed a summary judgment granted in favor of the defendants because there had been a misconception about the theory of plaintiff's claim for personal injuries. Moreover, our Supreme Court granted the reversal despite plaintiff's misplaced reliance on a statute and despite plaintiff's deposition testimony, which under normal circumstances would have precluded recovery by plaintiff. Initially, quoting the trial court's summary judgment ruling, our Supreme Court stated:

> " 'A construction of the allegations of plaintiff's petition in light of her reply compels the conclusion that plaintiff bases her claim upon defendants' failure to repair the defects which plaintiff alleges existed at the time the walk in question was constructed and continued to exist at the time plaintiff fell thereon. This being the situation it is clear from the cases cited that plaintiff cannot recover in this action.' " 194 Kan. at 802.

Acknowledging that the trial court had correctly stated the bases of plaintiff's claim and the applicable rule of law for plaintiff's claim, our Supreme Court stated:

> "We adhere to the rule of the above authorities, and, although we concede the record presents a 'close' question, we believe that a literal reading of plaintiff's allegations brings the matter within what appears to be a well recognized exception to the general rule relating to liability of an abutting owner." 194 Kan. at 802.

Similarly, a literal reading of the record in this case shows that the plaintiff supplied evidence that, although without specifically mentioning Restatement § 389, would bring this matter within a negligent entrustment claim under Restatement § 389.

Indeed, our Supreme Court has previously recognized that there is a separate theory of negligent entrustment under Restatement § 389, which resembles the negligent entrustment theory under Restatement § 390. See *Bergstresser*, 142 Kan. at 92 (Turning a dangerously defective automobile over to another, who will likely put it to immediate use in its defective condition, resembles turning a safe automobile over to a driver known to be unfit to use it.); see also *Hendrix v. Phillips Petroleum Co.*, 203 Kan. 140, 150, 453 P.2d 486 (1969) (citing Restatement [Second] of Torts §§ 388, 389). Moreover, summary judgment should be granted with caution in negligence actions. See *Esquivel v. Watters*, 286 Kan. 292, 296, 183 P.3d 847 (2008).

Because Restatement § 389 is predicated on the supplying of an unsafe chattel, it is crucial to the plaintiff's case to introduce evidence that the vehicle was unsafe to operate. The plaintiff provided such evidence in a report from one of his experts, John Glennon, Ph.D. In stating that the vehicle driven by Nguyen was unsafe to operate, Glennon's report, in part, stated:

"The photographs of the interior of the minivan (Steven Hohensee Deposition Exhibits 1, 4, and 5) indicate the middle row of seats had been removed. An unsecured wheel and tire and other unsecured items were in the middle row area as well as a frayed shoulder harness in the back row passenger seat resulting in an obvious, dangerous condition within the vehicle. *It would be unsafe for defendant Nguyen to operate the vehicle in such a condition with a passenger seated in the back row.* According to the Accident Report, the driver of the minivan at the time of the accident, defendant Nguyen, was not the owner. *If the owner knew of the dangerous conditions existing within the vehicle, it would be unsafe to allow the vehicle to be driven by defendant Nguyen under the circumstances.*" (Emphasis added.)

Further, in summarizing the plaintiff's factual claims for the purposes of defendants' summary judgment motion, the trial judge considered the vehicle to be unsafe when viewed in the light most favorable to the plaintiff, the nonmoving party:

"Plaintiff Tran claims negligent entrustment in this case based upon the following facts from the findings of controlling fact. The Court will summarize these.

"One, that [the] Hohensee *vehicle was unsafe* because it had a frayed shoulder strap on the rear seat, driver's side seat restraint and that is potentially where the plaintiff, Tran, sat. And for purposes of this motion, the Court will assume that's

where he was sitting. And that the middle row of seats in the van had been removed and that various items, including a tire and a rug, were lying on the floor of the mini van.

"Tran also claims that a reasonably prudent driver would have inspected the van and found it to be unsafe for the previously stated reasons. Tran contends that Nguyen knowingly operated the van in its existing condition—let me restate that. Tran claims that the fact that Nguyen knowingly operated the vehicle in its existing condition quote, Displayed the fact that he is a careless driver, end quote." (Emphasis added.)

Clearly, the plaintiff introduced evidence showing that the vehicle was unsafe.

In addition, the defendants admitted to the uncontroverted facts of the plaintiff as follows:

"33. The vehicle owned by the Hohensees, negligently entrusted to defendant Nguyen, and involved in the accident in 2005, was a 1992 minivan.

"34. Plaintiff Tran was a passenger in the back seat of the 1992 minivan owned and negligently entrusted by Mr. and Mrs. Hohensee and negligently driven by defendant Nguyen at the time of the accident.

"35. The middle row of seats had been removed from the 1992 minivan by the Hohensees prior to the date of the accident.

"36. There was a spare tire, a rug, and other loose items, [ lying] on the floor of the 1992 minivan at the time of the accident, and prior thereto.

. . . .

"38. The shoulder harness for the third row back, left-hand seat, behind the driver, in the 1992 minivan was frayed.

"39. Defendant Hohensee testified in her deposition that plaintiff Tran was in the third row back, left hand seat, behind the driver, in the 1992 minivan when the accident occurred.

"40. Plaintiff Tran was wearing his shoulder harness at the time of the accident.

. . . .

"49. Plaintiff Tran was found [lying] on the floor, where the missing row of seats would have been, of the 1992 minivan immediately after the accident."

The plaintiff also set forth uncontroverted facts relating to the unsafe condition of the vehicle as follows:

"41. Defendants Hohensee and defendant Nguyen knew or should have known that by removing the middle row of seats and putting in its place a loose tire, rug and other loose items on the floor as well as the left third row shoulder harness being frayed, that the 1992 minivan was unsafe to operate.

. . . .

"45. Defendants Hohensee knew that despite their minivan's unsafe condition Defendant Nguyen would nevertheless drive the minivan and would not allow anyone else to drive it.

"46. Defendants Hohensee knew that as the operator, Defendant Nguyen would and did allow a passenger, Mr. Tran, to sit in the seat with the unsafe frayed shoulder harness even though it and the tire and other loose items on the floor presented a clear danger to Mr. Tran.

. . . .

"50. Defendant Nguyen at no point in his deposition, or at any other time, has stated or even suggested that he attempted to secure down the spare tire, or any other loose items in the back of the 1992 minivan owned by the Hohensees.

"51. Defendant Nguyen at no point in his deposition, or at any other time, has stated or even suggested that he checked the safety of the shoulder harness in the 1992 minivan before allowing plaintiff Tran to be a passenger in the vehicle."

"A seat belt, by its very nature, is designed to prevent 'second collision' injuries and has been effective in doing so. [Citation omitted.]" *McMahon v. Butler*, 73 App. Div. 2d 197, 198-99, 426 N.Y.S.2d 326 (1980). Moreover, by "restraining the [vehicle] occupant during and immediately after initial impact . . ., it significantly reduces the likelihood of ejection and frequently prevents 'the second collision' of the occupant with the interior portion of the vehicle." *Spier v. Baker*, 35 N.Y..2d 444, 452, 363 N.Y.S.2d 916, 323 N.E.2d 164 (1974).

In considering the plaintiff's 54 paragraphs of uncontroverted facts submitted in response to the defendants' renewed motion for summary judgment, the trial court stated the following:

"[W]e have a total of 54 paragraphs of uncontroverted facts and the Defendant[s] Hohensee [have] responded to those in many instances [and have] admitted for purposes of this motion these facts and [in] some instance[s] [are] claiming they are not material. The Court also finds that these additional facts when taken into consideration for the motion will be part of the Court's finding of *controlling fact[s]*." (Emphasis added.)

See Supreme Court Rule 141 (2009 Kan. Ct. R. Annot. 226) ("In determining a motion for summary judgment the judge shall state the *controlling facts* and the legal principles controlling the decision in accordance with Rule 165 [2009 Kan. Ct. R. Annot. 239].") (Emphasis added.)

In other words, for the purposes of the summary judgment motion, the trial court would consider plaintiff's 54 paragraphs of un-

controverted facts as part of the controlling facts. Moreover, the trial court would construe plaintiff's 54 paragraphs of uncontroverted facts in the light most favorable to the plaintiff in determining whether a legal theory existed which would afford the plaintiff legal relief under those additional facts.

The 54 paragraphs of uncontroverted facts and the trial court's summary of the plaintiff's factual allegations are at least analogous to, if not a perfect example of, the theory of negligent entrustment under Restatement (Second) of Torts § 389, which states:

> "One who supplies directly or indirectly or through a third person a chattel for another's use, knowing or having reason to know that the chattel is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put, is subject to liability for physical harm caused by such use to those whom the supplier should expect to use the chattel or to be endangered by its probable use, and who are ignorant of the dangerous character of the chattel or whose knowledge thereof does not make them contributorily negligent, although the supplier has informed the other for whose use the chattel is supplied of its dangerous character." (Emphasis added.) (Language is same as in prior Restatement [First] of Torts § 389 [1934].)

Our Supreme Court applied the prior Restatement (First) § 389 in *Bergstresser*, 142 Kan. at 92, where it stated:

> "If the seller should know the automobile is incapable of safe use, but is capable of being made safe for use, his duty would be discharged by giving the information relating to its condition, unless from facts known, or which he should know, the seller should realize there is substantial probability the buyer will use the automobile without remedying the defects. (Restatement [First], Torts, § 389 [1934], and Comment c.) *In that event, turning the dangerously defective automobile over to a buyer, who will likely put it to immediate use in its defective condition, would resemble turning a safe automobile over to a driver known to be unfit to use it.* [Citation omitted.]" (Emphasis added.)

As stated earlier, Restatement (Second) of Torts § 389 is predicated on the supplying of an unsafe chattel, while the initial negligent entrustment theory that plaintiff seemed to rely on is predicated on supplying a chattel to a person known to be incompetent or unsafe (Restatement [Second] of Torts § 390). As a result, a Restatement § 389 negligent entrustment theory does not hinge on the supply of the chattel to an incompetent or negligent user, but on the nature of the chattel's unsafe condition. Indeed, under

Restatement § 389, liability is imposed when it is shown that the supplier knew, or should have known, that the chattel supplied is unsafe for its expected use.

When all is considered, such admissions as the following state a cause of action, at least preliminarily, under Restatement § 389, against the defendants for injuries to the plaintiff resulting from the vehicle's unsafe condition: (1) the defendants' admissions to the plaintiff's uncontroverted facts, (2) the trial court's consideration of the plaintiff's 54 paragraphs of uncontroverted facts submitted in response to the defendants' renewed motion for summary judgment, and (3) the trial court's summary of the plaintiff's factual allegations that the defendants supplied a vehicle, knowing it to be in an unsafe condition for operation, to another person knowing the vehicle would likely be used in its unsafe condition.

Nevertheless, in noting that the plaintiff's negligent entrustment theory was "a creative approach to the application of the negligent entrustment doctrine," the trial judge determined that the plaintiff's factual basis in support of that theory was legally insufficient as a matter of law:

"[THE COURT:] In reviewing the claims of negligent entrustment of Plaintiff Tran, the Court would note that this is a creative approach to the application of the negligent entrustment doctrine; however, the factual basis for negligent entrustment asserted by Plaintiff Tran is legally [in]sufficient as a matter of fact and therefore the [Defendants'] motion for summary judgment is granted.

. . . .

"[Appellant's Attorney]: Repeat to me about summary judgment, your last statement.

"THE COURT: Repeat what portion of my last statement?

"[Appellant's Attorney]: You said that—

"THE COURT: I found that it was legally insufficient as a matter of law, the factual basis to support your claim negligent entrustment was legally insufficient as a matter of law."

It would seem that the trial court ignored the plaintiff's additional allegations of uncontroverted facts, which the trial court stated that it would consider as controlling facts, and accepted instead the defendants' contention that no such negligent entrustment theory could be made under those allegations.

Moreover, perhaps sensing that there is no valid reason for not holding the trial court to its consideration of plaintiff's 54 paragraphs of uncontroverted facts as "part of the Court's finding of controlling fact[s]," the majority now says that "we refuse to apply an alternative theory of negligent entrustment under Restatement (Second) of Torts because that theory was never pled or asserted by the plaintiff despite multiple opportunities to do so." Slip op. at 9. Instead of liberally construing those uncontroverted facts in favor of the plaintiff, the majority prefers to focus on limiting the plaintiff's negligent entrustment claim to his pleaded facts. The problem with this argument of the majority is that the trial court broadened the facts that it would consider to include the plaintiff's 54 paragraphs of uncontroverted facts. Moreover, the trial court made those uncontroverted facts controlling facts for the purposes of the defendants' motion for summary judgment. Those facts, at least preliminarily, stated a cause of action against the defendants under Restatement (Second) of Torts § 389.

*Fact Questions*

Restatement § 389, as previously mentioned, acknowledges a duty where the supplier of a chattel knows or has reason to know that the chattel "is unlikely to be made reasonably safe before being put to a use which the supplier should expect it to be put." Here, the facts indicate that defendants were aware that the driver did not undertake any precautionary measures concerning the vehicle. As a result, there is an issue of fact as to whether the defendants knew or had reason to know that the vehicle was unlikely to be made reasonably safe before the plaintiff (the end user) was to use it.

A related question is whether the driver's use of the vehicle occurred so soon after the defendants supplied him with the vehicle that it was unlikely that the vehicle would be made safe. This point is discussed in Restatement § 389, comment c, as follows:

"Even though a chattel when turned over to another for his own or a third person's use is in a condition dangerous for the use for which it is intended, the circumstances may be such that the supplier as a reasonable man has no reason to believe that it is unlikely that the chattel will be made safe before being used. On the other hand, the circumstances may be such that *although the chattel is*

*capable of being made safe for use, the person supplying it should realize the unlikelihood that this will be done before it is used.* Among circumstances which render this unlikely are the facts that the *chattel is to be used so soon after it is turned over that it is substantially certain that no change will be made in it . . . .* It is, however, not enough to bring the situation within the rule stated in this Section that the supplier of the chattel should merely suspect that the chattel will be used before it is made safe. A substantial probability is necessary." (Emphasis added.)

Therefore, even if the vehicle "was capable of being made safe for use," the Restatement indicates the importance of a jury deciding whether the defendants realized the unlikelihood that the vehicle would be made safe before it was used. Summary judgment was inappropriate under the principles of Restatement § 389.

There is no denying that if the trial court's controlling facts are to be ignored and the common-law negligent entrustment theory under Restatement § 389 is to be repudiated, the plaintiff has no valid negligent entrustment claim against the defendants as the majority opines. But such an opinion can be predicated only on the majority ignoring the trial court's controlling facts. I would hold the trial court to its controlling facts, which brought the plaintiff's claim within the negligent entrustment theory under Restatement § 389. At this stage in the case, when the discovery deadline had not yet run and a pretrial conference had not been held, I would hold that the defendants' motion for summary judgment was prematurely granted and, therefore, must be reversed.